Manuel RODRIGUEZ, a/k/a Manuel Flores, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–92–00135–CR.

Court of Appeals of Texas, El Paso.

Feb. 17, 1993.

Kenneth D. Carden, Las Colinas, for appellant.

John Vance, Criminal Dist. Atty., Dallas, for state.

Before KOEHLER, BARAJAS and LARSEN, JJ.

## OPINION

LARSEN, Justice.

This case involves proper admonitions under Tex.Code Crim.Proc.Ann. art. 26.13 (Vernon 1989 and Supp.1993), pursuant to a plea of guilty. Defendant/appellant Manuel Rodriguez was charged with one count of possession of a controlled substance, cocaine less than 28 grams, and one count of burglary of a building. Upon his plea of guilty, in a combined hearing, the trial court sentenced him to two concurrent sentences of 10 years' in the Texas Department of Justice Institutional Division, and two fines of $750. The punishment ·assessed did not exceed that recommended by the prosecuting attorney and agreed to by defendant and his counsel. The trial court denied defendant's motion for permission to appeal. Nonetheless, appeal has been taken to this Court. We find that defendant has not waived his right to challenge the issues of the voluntary and knowing nature of his plea, but we affirm the convictions.

## NOTICE OF APPEAL

Initially, the State urges this Court that we should dismiss the appeal as defendant has not complied with the requirements of Tex.R.App.P. 40(b)(1), which states in part:

> [I]f the judgment was rendered upon his plea of guilty ... and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.

The defendant's notice of appeal contains neither a statement that the trial court granted permission to appeal, nor did he claim that the issues on appeal were raised by written motion prior to entry of the plea. Indeed, the trial court specifically denied defendant's request for permission to appeal. Thus, the State argues, defendant has waived any nonjurisdictional error. Defendant's appellate brief does not raise jurisdictional issues. We must therefore decide, as a preliminary matter, whether Rule 40(b)(1) precludes defendant from raising the issues presented here.

## DEFENDANT'S ISSUES ON APPEAL

Defendant Rodriguez raises a single issue on appeal in each of his companion cases, both urging that the trial court failed to comply with the mandates of Tex. Code Crim.Proc.Ann. art. 26.13.[1] Specifically, he claims that because the trial court failed to *question* him in open court regarding his competency to enter a plea of guilty and the voluntary nature of his plea, the court failed to comply with the mandates of Tex.Code Crim.Proc.Ann. art. 26.-13. Mr. Rodriguez also claims that he was erroneously admonished on the range of punishment for delivery of cocaine, a first degree felony, rather than for the correct charge of possession of cocaine, a second degree felony. These defects in the court's procedure, he argues, add up to a total failure to comply with the mandates of Article 26.13.

## APPEAL FROM GUILTY PLEA

■■■ The Code of Criminal Procedure provides that "[n]o plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary." Tex.Code Crim.Proc.Ann. art. 26.13(b). The constitutional key to the validity of a guilty plea is that it is voluntarily and intelligently made. *Meyers v. State,* 623 S.W.2d 397, 401 (Tex.Crim.App. 1981); *Morales v. State,* 838 S.W.2d 272, 273 (Tex.App.—El Paso 1992, pet. granted); *Soto v. State,* 837 S.W.2d 401, 403 (Tex. App.—Dallas 1992, no pet.). We begin by noting that where a defendant enters a guilty plea without a plea bargain agreement, he or she generally waives all nonjurisdictional defects. This waiver is predicated, however, on a knowing and voluntary plea of guilty. Thus, a defendant entering an open plea of guilt (that is, one made without a plea bargain agreement) may always challenge the voluntariness of a guilty plea on appeal. *Soto,* 837 S.W.2d at 403; *Broddus v. State,* 693 S.W.2d 459, 460 (Tex.Crim.App.1985). We see no reason why this same protection should not apply to a defendant pleading guilty as the result of plea negotiations.

■■■ We conclude, as did the Dallas Court of Appeals in Soto, that Rule 40(b)(1) does not preclude this defendant from challenging the voluntariness of his guilty plea on appeal, even where permission to appeal was not granted by the trial court. There

---

**1.** That article requires that four admonitions be given to a criminal defendant before a trial court may accept a plea of guilty, as to: (1) the range of punishment; (2) that the recommendation of the prosecutor is not binding on the court, provided that if the court rejects the agreement, defendant may withdraw his or her plea; (3) that if the trial court accepts the prosecutor's recommendation, the defendant must obtain permission to appeal any matter except those raised by written motion prior to trial; and (4) that if defendant is not a citizen, the plea may result in deportation, exclusion, or denial of naturalization under federal law. Tex. Code Crim.Proc.Ann. art. 26.13(a).

is no compelling reason for treating open pleas differently from negotiated pleas; both are built upon an assumption that the plea was voluntarily and intelligently made. Moreover, a trial court is prohibited from accepting a guilty plea unless it appears the defendant is mentally competent and the plea is free and voluntary. The very purpose of Article 26.13 is to ensure that only pleas passing constitutional muster are accepted by trial courts. The requirements of Article 26.13 are mandatory and may be raised by defendant at any time. *Morales*, 838 S.W.2d at 273–74.

■ Most importantly, if interpreted as the State urges us here, the very structure of Rule 40(b)(1) would work to prevent defendants from challenging the voluntariness of their guilty plea on appeal. Issues concerning the entry of a plea cannot be presented in a pretrial motion. Few, if any, trial judges would grant permission to appeal such matters, as a trial court is prohibited from accepting a guilty plea where there is any hint that it is anything other than voluntary and knowing. Thus, an application of Rule 40(b)(1) to the issue of voluntary and knowing entry of negotiated pleas would effectively preclude defendants ever raising this issue on direct appeal. The procedural limitations of the rule are clearly predicated upon a voluntary and knowing plea of guilty; we therefore conclude that a defendant may raise the issue of the voluntariness of a plea and his mental competence to understand it, whether that plea is open or negotiated, at any time.

### ADMONITIONS UNDER ARTICLE 26.13

Having concluded that we may examine the merits of defendant Rodriguez's claims, we turn to the substance of his appeal.

As outlined above, Mr. Rodriguez argues that the court failed to question him as to the voluntary and knowing nature of his plea of guilty, failed to question him as to his competence to enter his plea and admonished him in one case for a first degree felony with higher range of punishment, rather than the second degree felony with which he was actually charged. We examine these allegations in light of the law concerning admonitions under Article 26.-13.

■ That article provides that:

(c) In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequence of his plea and that he was misled or harmed by the admonishment of the court.

(d) The court may make the admonitions required by this article either orally or in writing. If the court makes the admonitions in writing, it must receive a statement signed by the defendant and the defendant's attorney that he understands the admonitions and is aware of the consequences of his plea. If the defendant is unable or refuses to sign the statement, the court shall make the admonitions orally.

Thus, the statute permits the trial court to make the necessary admonitions in writing, and it shifts the burden to the defendant to show harm once substantial compliance with the mandates of the statute are shown. We next, therefore, examine the record to see if the court determined that the plea was voluntary and that defendant was competent, and whether the court substantially complied with the admonition as to range of punishment.

### VOLUNTARINESS AND COMPETENCE

■ Here, the trial court elected to admonish the defendant in writing and obtained defendant's and counsel's signatures on written plea papers. In those documents, defendant affirmatively states that:

I am mentally competent and that I understand the charge contained in the charging instrument in this cause....

.        .        .        .        .

[M]y plea is made freely and voluntarily and is not influenced by any consideration of fear or any persuasion or any delusive hope of pardon....

.        .        .        .        .

Having read all of the above waivers, consents, agreements and statements and having had them explained to me by my attorney, I now request the Court to accept them and I state that they are made voluntarily, knowingly, and intelligently and I further state that the statements contained in my judicial confession are true and correct.

Defense counsel at trial also affirmatively stated that:

I believe the Defendant to be competent and approve and agree to the waivers, agreements and statements that the Defendant has signed herein.

The judge affirmatively found:

It clearly appearing to the Court that the Defendant is mentally competent and is represented by competent counsel and that said Defendant understand [sic] the nature of the charge against the Defendant and that the Defendant has been warned by the Court of the consequences of the plea entered herein including the minimum and maximum punishment provided by law, that the Defendant, attorney for Defendant and the attorney for the State consent to and approve the waiver of trial by jury and agreement to stipulate the testimony in this case, the Court, therefore, finds such plea, and all waivers, agreements and consents contained herein to be freely and voluntarily made and accepts the Defendant's plea and approves the consent to stipulate testimony.

In open court, moreover, the court inquired of Mr. Rodriguez as follows:

THE COURT: Can you read the English language?

DEFENDANT: Yes, sir.

THE COURT: Did you read, did your lawyer explain to you, and do you understand every paper you've signed in each case?

DEFENDANT: Yes, sir.

The court repeated this set of questions a second time, and the defendant again an-

swered affirmatively. The court then went on:

THE COURT: And did you understand the Court's explanation of the charge against you in each case?

DEFENDANT: Yes, sir, I do.

THE COURT: You did?

DEFENDANT: Yes, sir.

Thus, as to the complaints regarding defendant's competency and the voluntariness of his plea, the court complied with Article 26.13 not just substantially, but to the letter. We find no authority, and defendant cites us to none, which would require the trial court to verbally inquire about the specific issues of voluntariness and competency after the defendant and his counsel have both averred in writing that he is competent and is freely and voluntarily entering his plea. The court properly insured that defendant had read and understood the plea papers. Having done that, we hold the trial court was entitled to rely upon their contents. No error is shown on those issues.

RANGE OF PUNISHMENT

The plea papers repeatedly state that defendant was charged with delivery of cocaine.[2] In several other places, however, defendant was correctly charged with possession of cocaine, a second degree felony. There is one handwritten correction to the unlawful delivery language where, "possession of cocaine, to wit an amount less than 28 grams" is written into the plea papers.

The only reference to a range of punishment in the plea papers is to a first degree felony with punishment range of 5 to 99 years' confinement and a fine of up to $20,000. The range of punishment for the second degree felony of possession of cocaine is 2 to 20 years' confinement and a fine of up to $10,000. Mr. Rodriguez was actually sentenced to 10 years' confinement and a fine of $750, pursuant to the plea bargain agreement. In open court, the trial court correctly referred to the charge as

2. This was apparently a mistake, stemming from the prosecutor's use of the wrong stamp in preparing the plea papers. No where is there

any allegation or proof that defendant delivered cocaine.

possession of cocaine, less than 28 grams. That is the charge for which defendant was indicted and to which he pled guilty.

■ The Court of Criminal Appeals has held that where the trial court undertakes to admonish as to range of punishment, but the wrong range is actually given, if the punishment assessed is within both the actual and the stated range for the offense, the erroneous admonishment substantially complies with Article 26.13. The burden then shifts to the defendant to show that he "entered the plea without understanding the consequences of his action and was thus harmed." *Hughes v. State,* 833 S.W.2d 137, 140 (Tex.Crim.App.1992); *Eatmon v. State,* 768 S.W.2d 310, 312 (Tex. Crim.App.1989); *Robinson v. State,* 739 S.W.2d 795, 801 (Tex.Crim.App.1987).

■ We find substantial compliance by the trial court here with the requirements of Article 26.13 in admonishing defendant as to the range of punishment available to him. Defendant was sentenced to 10 years' confinement and a $750 fine, well within the range of punishment for both the actual and stated felonies. The burden thus shifted to defendant to show that he was misled or harmed by the error; this he has wholly failed to do. He was sentenced pursuant to the plea bargain, and it does not appear that there was any true confusion as to either the charge against him or the range of punishment. He makes no claim that he was sentenced pursuant to a plea bargain to which he would not have agreed had he been correctly admonished; nor does he claim that he misunderstood the charge, the length of time he could be sentenced to serve or the fine the trial court could assess. Defendant has simply made no showing that the mistake contained within the plea papers misled or harmed him in any way.

## CONCLUSION

Defendant/appellant's sole point of error is overruled. The judgment of the trial court is affirmed.