**Tony Anthony SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13-92-305-CR.**

Court of Appeals of Texas,
Corpus Christi.

April 1, 1993.

John H. Hagler, Dallas, for appellant.

John C. Vance, Crim. Dist. Atty., Michael J. Sandlin, Asst. Dist. Atty., Dallas, for appellee.

Before NYE, C.J., and SEERDEN and GILBERTO HINOJOSA, JJ.

OPINION

NYE, Chief Justice.

Appellant pleaded guilty to burglary of a building and true to two prior felony enhancement allegations. The trial court sentenced him to twenty-five years in prison. Now, appellant urges reversal based upon the magistrate's failure to admonish him on the range of punishment. We affirm the trial court's judgment.

Appellant agreed to have his case assigned to a magistrate. At the plea hearing, appellant entered an open plea of guilty. The magistrate personally addressed appellant and asked him if he had read all of the papers he signed and if he fully understood them. Appellant answered that he did. Appellant stated that he was pleading guilty to the charge and true to the enhancement allegations. He waived further arraignment. When asked if he understood that his plea was "open" regarding punishment, appellant stated that his attorney had "filled [him] in on all that." The magistrate also asked appellant if he understood that the two enhancement paragraphs, if found true, would substantially raise the punishment range. Appellant answered affirmatively. The State entered appellant's written plea and judicial confession and stipulation of evidence into the record. Thereafter, the magistrate passed the case for preparation of the presentence investigation report. Almost one month later, appellant appeared before the trial court for sentencing. The court found appellant guilty and assessed punishment.

Prior to accepting a plea of guilty, the trial court must admonish the defendant of the range of punishment attached to the offense. TEX.CODE CRIM.PROC.ANN. art. 26.-13(a)(1) (Vernon 1989), *Whitten v. State*, 587 S.W.2d 156, 157 (Tex.Crim.App.1979);

*Williams v. State,* 770 S.W.2d 81, 82 (Tex. App.—Dallas 1989, no pet.). Although the magistrate did not orally admonish appellant, the record contains the Court's Admonition of Statutory and Constitutional Rights and Defendant's Acknowledgment, signed by appellant and his attorney. This written admonition specifies the range of punishment for the offense charged, with enhancement. Appellant argues that the written admonishment did not substitute for an admonishment by the court. We disagree.

Article 26.13(d) of the Code of Criminal Procedure provides as follows:

> The court may make the admonitions required by this article either orally or in writing. If the court makes the admonitions in writing, it must receive a statement signed by the defendant and the defendant's attorney that he understands the admonitions and is aware of the consequences of his plea.

The court's written admonishment complies with article 26.13(d). Before accepting appellant's plea the magistrate specifically inquired of appellant's review and understanding of the documents he signed. The magistrate also questioned appellant's attorney regarding appellant's competence. The record shows substantial compliance with article 26.13 and appellant does not demonstrate that he entered his plea without understanding the consequences and that he was thus harmed. *See Williams,* 770 S.W.2d at 82. We overrule appellant's point of error.

The judgment of the trial court is AFFIRMED.