Bakari Ahmed ARMSTRONG, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–95–00073–CR, 01–95–00074–CR and 01–95–00075–CR.

Court of Appeals of Texas, Houston (1 Dist.).

Oct. 19, 1995.

Discretionary Review Refused Jan. 24, 1996.

Charles Hinton, Houston, for appellant.

John B. Holmes, Rikke B. Graber, Julian Ramirez, Houston, for appellee.

Before HUTSON–DUNN, O'CONNOR and ANDELL, JJ.

## OPINION

O'CONNOR, Justice.

Appellant, Bakari Ahmed Armstrong, pleaded "no contest" to two charges of aggravated sexual assault and one charge of aggravated kidnapping. The trial court convicted appellant of all three offenses and assessed punishment at life imprisonment, with the sentences to run concurrently. In his sole point of error, appellant contends that the trial court erred by not properly admonishing appellant as to the potential consequences of a non-citizen defendant's plea of guilty or no contest. We affirm.

Article 26.13 of the Code of Criminal Procedure requires the trial court to give a criminal defendant four admonitions before accepting a plea of guilty or of no contest. TEX.CODE CRIM.P. art. 26.13(a)(1)–(4) (1989). Specifically, article 26.13(a)(4) provides that the court most warn the defendant:

> that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

Article 26.13 permits the court to give the admonitions either orally or in writing. TEX. CODE CRIM.P. art. 26.13(d) (1989). If the court gives the admonitions in writing, it must receive a statement signed by the defendant and his attorney that the defendant understands the admonitions and is aware of the consequences of his plea. Article 26.13(d) states:

> (d) The court may make the admonishment required by this article either orally or in writing. If the court makes the admonishments in writing, it must receive a statement signed by the defendant and the defendant's attorney that he understands the admonitions and is aware of the consequences of his plea.

Id. art. 26.13(c).

■ If there is a complete failure to comply with article 26.13, the case must be reversed even if the defendant cannot show harm. *Morales v. State,* 872 S.W.2d 753, 754 (Tex.Crim.App.1994). But, substantial compliance with the requirements of article 26.13 is sufficient, unless the defendant can affirmatively show that he was not aware of the consequences of his plea and that he was misled or harmed by the admonition. *Morales,* 872 S.W.2d at 754; TEX.CODE CRIM.P. art. 26.13(c) (1989).

Appellant concedes he signed a written statement for each charged offense that contained the admonition for non-citizens. The admonitions were signed by appellant, his attorney, the prosecutor, and the trial judge. In addition, the admonitions contain a file stamp signed by a deputy district clerk that shows they were filed with the court on the day that appellant entered his plea. Appellant concedes that article 26.13(d) expressly authorizes the trial court to give the admonitions either orally or in writing.

■ However, appellant argues this was not sufficient to comply with article 26.13(d). Specifically, appellant contends that the trial court should have either: (1) orally discussed with him the consequences of the written admonitions to make sure that appellant understood them or (2) received the written admonitions into evidence. Although the record shows that appellant's pleas of "no contest" were offered into evidence as State's exhibit one, it does not show that the admonitions were admitted into evidence. Appellant contends that article 26.13(d) requires that the court "receive" a signed statement when the admonitions are given in writing, which means that the statement must be admitted into evidence during the plea proceeding. We disagree. Article 26.13(d) does not state that the written statement, signed by the defendant, must be "received into evidence." The provision only states that the court must receive the statement.

Appellant relies upon several cases in which our sister courts of appeals held writ-

ten admonitions were sufficient when the admonition forms were either admitted into evidence or the trial court orally reviewed the written admonitions during the plea proceedings.[1] However, none of these cases hold that the admonitions must be received into evidence or that the trial court must review them orally to comply with the requirements of article 26.13(d). Appellant cites no authority that requires the written admonition forms to be either admitted into evidence or orally reviewed by the trial court before the forms will be considered "received" under article 26.13(d). We hold that the trial court's signing of the written admonitions and the deputy clerk's act of filing them were sufficient to satisfy the requirements of the statute.

 In addition, appellant admitted to the court during the plea proceeding that he was born in the United States. "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States." U.S. CONST. amend. XIV, § 1.[2] Therefore, the record shows that appellant is a United States citizen. A court substantially complies with article 26.13, even though it omits an admonition, if the omitted admonishment is immaterial to the defendant's plea. *Whitten v. State*, 587 S.W.2d 156, 158 (Tex.Crim.App.1979). A court's failure to warn a defendant who is a United States citizen of the consequences of a plea by a non-citizen is immaterial. *Cain v. State*, 893 S.W.2d 681, 685 (Tex.App.—Fort Worth 1995, pet. granted); *Dixon v. State*, 891 S.W.2d 783, 784 (Tex.App.—Austin 1995, no pet.); *Dominguez v. State*, 889 S.W.2d 13, 15–16 (Tex.App.—El Paso 1994, no pet.) (defendant acknowledged he was born in United States). Therefore, even assuming that the trial court did not admonish appellant of the consequences associated with a guilty plea by a non-citizen, we hold that the court nevertheless substantially complied with the requirements of article 26.13.

We overrule appellant's sole point of error.

We affirm the judgments of the trial court.

---

1. *See Rodriguez v. State*, 850 S.W.2d 603, 607 (Tex.App.—El Paso 1993, no pet.) (court reviewed plea papers with defendant and ensured that defendant understood their contents); *Munoz v. State*, 840 S.W.2d 69, 75 (Tex.App.—Corpus Christi 1992, pet. ref'd) (court received into evidence at plea hearing defendant's signed waiver and plea, which contained the admonition to non-citizens); *Blanco v. State*, 771 S.W.2d 598, 598–99 (Tex.App.—Corpus Christi 1989, no pet.) (before accepting defendant's plea, court inquired whether defendant had reviewed and understood documents he signed, which included written admonition to non-citizens); see also *Smith v. State*, 853 S.W.2d 140, 141 (Tex.App.—Corpus Christi 1993, no pet.) (before accepting defendant's plea, magistrate inquired whether defendant had reviewed and understood documents he signed, which included written notice of the range of punishment).

2. A person who is born in the United States will lose his nationality only by voluntarily performing certain specific affirmative acts coupled with the intention of relinquishing United States citizenship. 8 U.S.C. § 1481(a) (examples include: obtaining naturalization in foreign state or taking oath of allegiance to foreign state after reaching eighteenth birthday, entering armed forces of foreign state engaged in hostilities against United States, formally renouncing United States citizenship before diplomatic officer of United States in foreign state). Section 1481 places the burden of proving expatriation on the party who claims that a loss of citizenship has occurred. *Id.* at § 1481(b). We therefore conclude that once birth in the United States is established, the trial court may presume a criminal defendant is a United States citizen absent some proof of expatriation. *Dominguez v. State*, 889 S.W.2d 13, 15 n. 2 (Tex.App.—El Paso 1994, no pet.).