Willis Jackson **PERRYMAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 10–02–00279–CR.

Court of Appeals of Texas,
Waco.

March 16, 2005.

Edward J. Tracy, Newton, for appellant.

A.W. Davis Jr., Newton County Dist. Atty., Newton, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## ABATEMENT ORDER

PER CURIAM.

This is the third time this appeal has been abated. The first abatement was for the appointment of appellate counsel. Counsel was appointed. That counsel filed an *Anders* brief. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Upon our independent review, we identified an arguable issue regarding the trial court's failure to appoint trial counsel. We again abated the appeal, in compliance with our precedent, for the appointment of new counsel to brief the issue. *See Perryman v. State*, No. 10–02–00279–CR (Tex. App.-Waco Aug. 18, 2004, order) (per curiam) (not designated for publication). New counsel has now also filed an *Anders* brief. The new *Anders* brief fails to address the issue expressly identified in our

last abatement order, namely the failure of the trial court to appoint trial counsel. So we are required to, by our precedent, again abate this appeal for the appointment of yet another attorney. *Guerrero v. State,* 64 S.W.3d 436, 441 (Tex.App.-Waco 2001, order) (per curiam).

Further, counsel has failed to comply with this Court's procedures regarding *Anders* appeals. This failure is demonstrated by his motion to withdraw directed to this Court. We have repeatedly held we cannot grant such a motion. *See Sowels v. State,* 45 S.W.3d 690, 692–94 (Tex. App.-Waco 2001, no pet.) (Waco Court procedures for *Anders* cases).

As noted in the previous abatement order, we conducted an independent review of the record and determined there is at least one arguable ground for appeal. *See Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim.App.1991). Under the version of Article 64.01 in effect at the time that Appellant filed his motion, "If a convicted person informs the convicting court that the person wishes to submit a motion under this chapter and if the court determines that the person is indigent, the court shall appoint counsel for the person." Act of Apr. 3, 2001, 77th Leg., R.S., ch. 2, § 2, art. 64.01(c), 2001 Tex. Gen. Laws at 2 (amended 2003). Appellant filed a Motion for Forensic DNA Testing and Appointment of Counsel. The record does not show that the trial court considered whether Appellant is indigent or considered the appointment of counsel at trial. *See Gray v. State,* 69 S.W.3d 835, 837 (Tex.App.-Waco 2002, order) (per curiam). Appellant was arguably entitled to counsel at trial. *See id.* Appellant's appeal presents an issue of arguable merit.

Appellant's new counsel should personally review the record to determine what issues should be raised in this appeal, including whether the issue identified by this Court should be raised, and if not, why the issue identified has no arguable merit. *See Guerrero,* 64 S.W.3d at 441 n. 5.

We abate the appeal for the appointment of new counsel. *See Guerrero,* 64 S.W.3d at 441. Assuming that the trial court has not already permitted Appellant's present appointed appellate counsel to withdraw, counsel must file a motion to withdraw in that court if he desires to withdraw. *See Guerrero* at 441; *Sowels,* 45 S.W.3d at 692. The trial court's order appointing new appellate counsel must be filed with the Clerk of this Court in a supplemental clerk's record within fifteen (15) days of the date of this Order. Counsel's brief is due thirty (30) days after appointment.

Chief Justice GRAY concurring.

TOM GRAY, Chief Justice, concurring with Abatement Order.

The precedent of this Court supports what we do today. But this case demonstrates the need to revisit the procedure we use in *Anders* cases. I have previously contended, and continue to believe, that in *Anders* appeals, we unnecessarily impose a heavy financial burden on the county from which the appeal originated. *See Martinez v. State,* 137 S.W.3d 832, 833–834 (Tex.App.-Waco 2004, order) (Gray, C.J., concurring); *Martinez v. State,* 135 S.W.3d 233 (Tex.App.-Waco 2004, order) (Gray, C.J., dissenting); *Guerrero v. State,* 64 S.W.3d 436, 444 (Tex.App.-Waco 2001, order) (Gray, J., dissenting); *see also In the Interest of E.L.Y.,* 69 S.W.3d 838, 843 (Tex. App.-Waco 2002, order) (Gray, J., dissenting).

Because our procedure is so onerous, and because we repeatedly face the same issues, particularly in appeals transferred to us from other jurisdictions where the *Anders* procedures are not so onerous, I

have decided on a rather unorthodox procedure. Instead of detailing our procedures as the court in *Eaden v. State*[1] did, and which ought to be clear from our opinion in *Sowels,* I have attached as an appendix to this concurring opinion a redacted brief and other documents related to an *Anders* brief prepared by an attorney that routinely practices before us, and has filed several *Anders* briefs that comply with our procedures. Of course, this is only an example, and any *Anders* brief must be tailored to the facts and circumstances of the individual case. It cannot simply be copied, edited, and filed. But it certainly can provide a rule and guide to the lawyer looking for direction from someone familiar with the procedure in this Court for *Anders* briefs.

Appendix

# NO. 10-__-_____-CR

## IN THE
## COURT OF APPEALS
## TENTH SUPREME JUDICIAL CIRCUIT

## [APPELLANT'S NAME]
**Appellant**

v.

## STATE OF TEXAS
**Appellee**

APPEAL FROM CAUSE NUMBER _____
IN THE _____ JUDICIAL DISTRICT OF _____ COUNTY, TEXAS

## NOTICE OF FILING OF ANDERS BRIEF

[ATTORNEY NAME]
[Attorney Address]
[Firm phone number]
[Firm Facsimile number]
[State Bar No. _____]
[Date of Brief]

---

1. *Eaden v. State,* No. 11–03–00405–CR, 161 S.W.3d 173, 2005 WL 309558 (Tex.App.-East-land Feb.10, 2005, no pet. h.).

*TO THE HONORABLE JUDGES OF SAID COURT:*

Comes now _____, appointed counsel for [Appellant's name], and notifies this Court that Appellant's counsel has filed on this date Appellant's *Anders* brief.

Respectfully submitted,

**[NAME OF LAW FIRM (IF APPLICABLE)]**

_____
[Attorney's Name]
[Attorney Address]
[Firm phone number]
[Firm Facsimile number]
[E-mail: _____]
[State Bar No. _____]
**ATTORNEY FOR APPELLANT**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above has this day been delivered to the District Attorney's Office, _____, Texas, attorney of record for the State of Texas by first class mail.

Signed [date of brief].

_____
[Attorney's name]

# NO. 10-__-_____-CR

## IN THE
## COURT OF APPEALS
## TENTH SUPREME JUDICIAL CIRCUIT

## [APPELLANT'S NAME]
**Appellant**

v.

## STATE OF TEXAS
**Appellee**

APPEAL FROM CAUSE NUMBER _____
IN THE _____ JUDICIAL DISTRICT OF _____ COUNTY, TEXAS

## ANDERS BRIEF

[ATTORNEY NAME]
[Attorney Address]
[Firm phone number]
[Firm Facsimile number]
[State Bar No. _____]
[Date of Brief]

ORAL ARGUMENT NOT REQUESTED

**NAMES OF THE PARTIES TO THE FINAL JUDGMENT**

**STATE OF TEXAS:**

[Name and address of State's attorney]

**APPELLANT'S TRIAL COUNSEL**

[Appellant trial counsel name and address]

## TABLE OF CONTENTS

Page

NAMES OF ALL PARTIES TO THE FINAL JUDGMENT ........................... ii

INDEX OF AUTHORITIES .................................................. iv

REQUEST FOR ORAL ARGUMENT ........................................... vi

STATEMENT OF THE CASE ............................................... vi

ISSUE PRESENTED ....................................................... 1

STATEMENT OF THE FACTS ............................................... 2

SUMMARY OF THE ARGUMENTS ........................................... 2

ISSUE NUMBER ONE RESTATED
*The District Court imposed Appellant's sentence lawfully, and the proceedings show no non-frivolous matters* ............................................. 3

PRAYER FOR RELIEF ..................................................... 7

CERTIFICATE OF SERVICE ................................................ 8

## INDEX OF AUTHORITIES

### FEDERAL CASES

*Coghlan v. Starkey,* 852 F.2d 806 (5th Cir.1988) ....................................... 3

*Duncan v. Louisiana,* 391 U.S. 145 (1968) .......................................... 6

### STATE CASES

*Blanco v. State,* 771 S.W.2d 598 (Tex.App.-Corpus Christi 1989, no pet.) .................. 5

*Carroll v. State,* 975 S.W.2d 630 (Tex.Crim.App.1998) ................................. 7

*Dinnery v. State,* 592 S.W.2d 343 (Tex.Crim.App.1979) ................................ 7

*Hall v. State,* 935 S.W.2d 852 (Tex.App.-San Antonio 1996, no pet.) ...................... 6

*High v. State,* 573 S.W.2d 807 (Tex.Crim.App. [Panel Op.] 1978) ......................... 3

*Holland v. State,* 761 S.W.2d 307 (Tex.Crim.App.1988),
*cert. denied,* 489 U.S. 1091 (1989) .................................................. 7

*Jeffery v. State,* 903 S.W.2d 776 (Tex.App.-Dallas 1995, no pet.) ........................ 3

*Johnson v. State,* 885 S.W.2d 641 (Tex.App.-Waco 1994, pet. ref'd) ...................... 3

*Liggins v. State,* 979 S.W.2d 56 (Tex.App.-Waco 1998, pet. ref'd) ........................ 4

*Marquez v. State,* 921 S.W.2d 217 (Tex.Crim.App.1996) ............................... 6

*Monreal v. State,* 99 S.W.3d 615 (Tex.Crim.App.2003) ................................ 9

*Munoz v. State,* 840 S.W.2d 69 (Tex.App.-Corpus Christi 1992, pet. ref'd) ................. 5

*Richards v. State,* 562 S.W.2d 456 (Tex.Crim.App.1977) ............................... 4

*Rodriguez v. State,* 850 S.W.2d 603 (Tex.App.-El Paso 1993, no pet.) .................... 5

*Samudio v. State,* 648 S.W.2d 312 (Tex.Crim.App.), ................................. 6
*cert. denied,* 462 U.S. 1132 (1983)

*Ex parte Smith,* 678 S.W.2d 78 (Tex.Crim.App.1984) ................................. 4

*Smith v. State,* 853 S.W.2d 140 (Tex.App.-Corpus Christi 1993, no pet.) ................. 5

*Smith v. State,* 858 S.W.2d 609 (Tex.App.-Amarillo 1993, pet. ref'd) ...................... 9

*Ex parte Tabor,* 565 S.W.2d 945 (Tex.Crim.App.1978) ............................... 8

*Wright v. State,* 930 S.W.2d 131 (Tex.App.-Dallas 1996, no pet.) ........................ 7

**FEDERAL STATUTES**

U.S. Const. amend. VI ............................................... 6

**STATE STATUTES**

Tex. Const. art. 1, § 15 .............................................. 6

Tex.Code Crim. Proc. Ann. art. 1.12 (Vernon 2002) ................................... 6

Tex.Code Crim. Proc. art. 1.13 (Vernon 2002) ........................................ 6

Tex.Code Crim. Proc. Ann. art. 1.13(a) (Vernon Supp.2002) ............................. 6

Tex.Code Crim. Proc. Ann. art. 1.14 (Vernon Supp.2002) ............................... 7

Tex.Code Crim. Proc. Ann. art. 1.15 (Vernon Supp.2002) ............................ 6, 7

Tex.Code Crim. Proc. Ann. art. 26.13 (Vernon Supp.1998) ............................. 4

Tex.Code Crim. Proc. Ann. art. 26.13(b) (Vernon Supp.2002) ........................... 7

Tex.Code Crim. Proc. Ann. art. 26.13(d) (Vernon Supp.1998) ........................... 5

Tex.Code Crim. Proc. Ann. art. 26.13(d) (Vernon Supp.2002) ........................... 5

Tex.Code Crim. Proc. Ann. art. 27.13 (Vernon 1989) .................................. 6

## REQUEST FOR ORAL ARGUMENT

TO THE HONORABLE COURT OF APPEALS:

Appellant respectfully requests that this appeal not be presented on oral argument.

## STATEMENT OF THE CASE

On _____ in the ____ Judicial District Court of _____ County, Texas, the Honorable _____, presiding, Appellant was found guilty of the offense of Aggravated Robbery, a second degree felony. 1 CR 21. Appellant waived a jury in both phases of the trial. The court assessed the punishment at twenty (20) years in the Texas Department of Criminal Justice, Institutional Division. 1 CR 21. The prosecuting attorney was _____ County Crimi-

nal District Attorney _____. Appellant's trial counsel was _____.

## ISSUE PRESENTED

The District Court imposed Appellant's sentence lawfully, and the proceedings show no non-frivolous matters.

## STATEMENT OF THE FACTS

Appellant plead guilty to the offense of Aggravated Robbery on _____. 1 CR 21. On _____, Appellant was sentenced to twenty years in the Texas Department of Criminal Justice. 1 CR 21.

## SUMMARY OF THE ARGUMENTS

Under *Anders,* a court-appointed attorney may not raise an issue in an appeal if he makes a conscientious examination of the case and finds the appeal wholly frivolous. *Anders v. California,* 386 U.S. 738, 744[, 87 S.Ct. 1396, 18 L.Ed.2d 493] (1967). To comply with *Anders,* counsel must isolate "possibly important issues" and "furnish the court with references to the record and legal authorities to aid it in its appellate function." *United States v. Johnson,* 527 F.2d 1328, 1329 (5th Cir. 1976). After the appellant is given an opportunity to respond, the court makes a full examination of the record to detect whether the case is frivolous. *Anders,* 386 U.S. at 744[, 87 S.Ct. 1396]. Appellant's counsel has reviewed the transcript, the sentence received by Appellant, and the factual basis for the sentence. As set forth in the brief, there are no non-frivolous issues.

*Issue Number One Restated:*

The District Court imposed Appellant's sentence lawfully, and the proceedings show no non-frivolous matters.

## ARGUMENT AND AUTHORITIES UNDER ISSUE NUMBERS ONE

After a detailed search of the record, Appellant's counsel has been unable to find any non-frivolous error.[1] Pursuant to *Anders,* Appellant's appointed counsel files this brief. Specifically at issue is a purported claim of an involuntary plea and the plea colloquy. No error is evident from this record. Therefore, pursuant to *Anders,* Appellant's appointed counsel files this brief, and moves for withdrawal in the trial court.

A. *The Anders brief.*

The purpose of an *Anders* brief is to support counsel's motion to withdraw by showing that he has performed a conscientious examination of the record and that the appeal is so frivolous that an appellant should be denied his constitutional right to appointed counsel on appeal. *Jeffery v. State,* 903 S.W.2d 776, 779 (Tex.App.-Dallas 1995, no pet.). The ultimate test of an *Anders* brief is whether it contains a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. *Johnson,* 885 S.W.2d at 646.

---

1. A frivolous appeal has been defined as an appeal in which the result is obvious or the arguments of error are wholly without merit. *Coghlan v. Starkey,* 852 F.2d 806, 811 (5th Cir.1988). This Honorable Court defined a "frivolous appeal" as one where "the only theories that the attorney can discover after this conscientious review of the record and the law are 'arguments that cannot conceiv-ably persuade the court ...' " *Johnson,* 885 S.W.2d at 645. Any point which is "arguable on [the] merits" is, by definition, not frivolous. *Johnson,* 885 S.W.2d at 645. Yet another definition is an appeal is "frivolous" when "the trial court's ruling[s were] correct" or "the appellant was not harmed by the ruling[s]." *High v. State,* 573 S.W.2d 807, 813 (Tex.Crim.App. [Panel Op.] 1978).

## B. *The "arguable issues of law."*

Counsel for Appellant will show that the plea was done according to statutory and case law.

Before accepting a defendant's guilty plea, a trial court must satisfy itself that the accused understands "the consequences of his plea." *Liggins v. State,* 979 S.W.2d 56, 67 (Tex.App.-Waco 1998, pet. ref'd); *see generally* Tex.Code Crim. Proc. Ann. art. 26.13 (Vernon Supp.1998). However, the trial judge need not ask any certain questions nor follow any formula to substantially comply with article 26.13. *Richards v. State,* 562 S.W.2d 456, 458 (Tex.Crim.App.1977) (opinion on reh'g). The trial court need only substantially comply with the requirements of article 26.13. *Ex parte Smith,* 678 S.W.2d 78, 79 (Tex.Crim.App.1984).

Thus, the Code of Criminal Procedure mandates that certain "admonishments" must be given to a criminal defendant prior to accepting a plea of guilty or a plea of nolo contendere. *See generally* Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon Supp.1998). These include:

→ the range of the punishment attached to the offense;

→ the fact that the recommendation of the prosecuting attorney as to punishment is not binding on the court;

→ the fact that if the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, the trial court must give its permission to the defendant before he may prosecute an appeal on any matter in the case except for those matters raised by written motions filed prior to trial; and

→ the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

The court may make the admonitions required by this article either orally or in writing. *Blanco v. State,* 771 S.W.2d 598, 599 (Tex.App.-Corpus Christi 1989, no pet.); Tex.Code Crim. Proc. Ann. art. 26.13(d) (Vernon Supp.1998). If the court makes the admonitions in writing, it must receive a statement signed by the defendant and the defendant's attorney that he understands the admonitions and is aware of the consequences of his plea. Tex.Code Crim. Proc. Ann. art. 26.13(d) (Vernon Supp.2002).

If done in writing, there is no requirement to verbally inquire about the voluntariness of a plea after a defendant and trial counsel have signed the written waiver and the judge has established that Appellant has read and understood the waivers. *Smith v. State,* 853 S.W.2d 140, 141 (Tex.App.-Corpus Christi 1993, no pet.); *Rodriguez v. State,* 850 S.W.2d 603, 607 (Tex.App.-El Paso 1993, no pet.). The trial judge shows compliance with this statute by approving the plea papers containing the written admonishments by signing a statement reciting his satisfaction with the same and ordering the documents to be filed in the papers of the case. *Munoz v. State,* 840 S.W.2d 69, 72 (Tex.App.-Corpus Christi 1992, pet. ref'd).

There are further statutory requirements that must be complied with on a plea of guilty. The defendant must make a plea of guilty in a felony case in open court in person. *Hall v. State,* 935 S.W.2d 852, 856 (Tex.App.-San Antonio 1996, no

pet.); TEX.CODE CRIM. PROC. ANN. art. 27.13 (Vernon 1989).

Waiver of a jury trial is another aspect of a guilty plea. The Texas Constitution provides that "[t]he right of trial by jury shall remain inviolate." TEX. CONST. art. 1, § 15; *see also* TEX.CODE CRIM. PROC. ANN. art. 1.12 (Vernon 2002). The United States Constitution also protects the right to trial by jury. U.S. CONST. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury."). Further, a jury trial is "fundamental to the American scheme of justice ..." *Duncan v. Louisiana,* 391 U.S. 145, 149[, 88 S.Ct. 1444, 20 L.Ed.2d 491] (1968); *accord Samudio v. State,* 648 S.W.2d 312 (Tex.Crim.App.), *cert. denied,* 462 U.S. 1132[, 103 S.Ct. 3113, 77 L.Ed.2d 1368] (1983). Because of the "fundamental" and "inviolate" nature of the right to trial by jury, Texas law requires waiver of jury trial to be made in person in writing in open court. *Marquez v. State,* 921 S.W.2d 217, 220 (Tex.Crim. App.1996); TEX.CODE CRIM. PROC. art. 1.13 (Vernon 2002); *see also* TEX.CODE CRIM. PROC. ANN. art. 1.15 (Vernon Supp.2002) (requiring a proper waiver to comply with articles 1.13 and 1.14). A proper waiver under article 1.13(a) requires it be made expressly by the accused, in open court, in writing, and with the consent and approval of the court and the attorney representing the State. TEX.CODE CRIM. PROC. ANN. art. 1.13(a) (Vernon Supp.2002).

In addition, when a defendant waives his right to a jury and enters a plea of guilty to a felony, the Code of Criminal Procedure requires the State to introduce evidence into the record showing the guilt of the defendant to serve as the basis for the trial court's judgment. *See Wright v. State,* 930 S.W.2d 131, 132 (Tex.App.-Dallas 1996, no pet.); *see also* TEX.CODE CRIM. PROC. ANN. art. 1.15 (Vernon Supp.2002). A judicial confession, standing alone, provides sufficient evidence to support the trial court's judgment. *See Dinnery v. State,* 592 S.W.2d 343, 353 (Tex.Crim.App. 1979) (op. on reh'g).

Furthermore, the trial court should not accept a plea of guilty unless it appears that the plea is voluntary. *Holland v. State,* 761 S.W.2d 307, 320 (Tex.Crim.App. 1988), *cert. denied,* 489 U.S. 1091[, 109 S.Ct. 1560, 103 L.Ed.2d 863] (1989). Thus, the court cannot accept a plea of guilty unless it appears that the defendant is mentally competent and the plea is free and voluntary. TEX.CODE CRIM. PROC. ANN. art. 26.13(b) (Vernon Supp.2002).

Finally, Texas statutory law provides a "catch-all waiver" of "form, substance or procedure" given by law. TEX.CODE CRIM. PROC. ANN. art. 1.14 (Vernon Supp.2002). An indication of a knowing, voluntary and intelligent wavier of this right is all that is necessary to be effective. *Carroll v. State,* 975 S.W.2d 630, 632 (Tex.Crim.App.1998) (en banc). The trial court complied with each of these requirements: [2]

| | |
|---|---|
| The range of punishment. | 1 RR 6, 8; 1 CR 25 |
| A stipulation of evidence and judicial confession. | 1 RR 17; 1 CR 23-24. |

**2.** Here, the trial court used both written and oral admonishments. The written admonishments demonstrate that the trial court acknowledged that "the defendant has received and understands the admonishments, understands the consequences of his plea, is mentally competent to stand trial, and that the plea is freely and voluntarily given." 1 RR 49.

| | |
|---|---|
| A signed statement that the plea of guilty was free and voluntary. | 1 CR 28. |
| The fact that the recommendation of the prosecuting attorney as to punishment is not binding on the court. | 1 RR 14; 1 CR 25. |
| The fact that if the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, the trial court must give its permission to the defendant before he may prosecute an appeal on any matter in the case except for those matters raised by written motions filed prior to trial. | 1 RR 14, 16-17; 1 CR 25. |
| A warning that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law. | 1 CR 27-28. |
| A properly waived jury trial. | 1 RR 13; 1 CR 23. |
| A finding that the defendant is mentally competent and the plea is free and voluntary. | 1 RR 8; 1 CR 28. |
| A knowing, voluntary and intelligent wavier of "any rights" secured by law. | 1 CR 23. |

Since there is no error evident from the record, it appears that the requirements for felony plea admonishments met the requirements of the law.

### C. Waiver of Appeal.

A knowing and intelligent waiver of the right to appeal made after sentence is imposed will prevent a defendant from appealing without the consent of the trial court. *Ex parte Tabor*, 565 S.W.2d 945, 946 (Tex.Crim.App.1978) (op. on reh'g). "No attack on a waiver of the right to appeal will be entertained without factual allegations supporting a claim of coercion or involuntariness." *Smith v. State*, 858 S.W.2d 609 (Tex.App.-Amarillo 1993, pet. ref'd). The plea papers show that "if the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by you and your attorney, the court must give its permission to you before you can prosecute an appeal on any matter in the case except for matters raised by written motion and filed and ruled upon prior to trial." 1 CR 27. Furthermore, the record contains an "Order on Notice of Appeal" showing that "the defendant has not requested permission of the Court to prosecute an appeal; permission to prosecute an appeal has not been granted by the Court, and the Court Or-

ders [sic] and decrees that permission to appeal is denied." 1 CR 30. Thus, this Court should dismiss this appeal. *See generally Monreal v. State*, 99 S.W.3d 615 (Tex.Crim.App.2003).

### PRAYER FOR RELIEF

For the reasons set forth, Appellant's counsel urges that this appeal presents no legally non-frivolous questions. Appellant urges the Court for such relief as Appellant may be entitled.

Respectfully submitted,

[FIRM NAME]

_____

[Attorney's name]
[Firm address]
[Firm phone number]
[Firm fax number]
E-mail: _____
State Bar No. _____

**ATTORNEY FOR APPELLANT**

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above has this day been delivered to the District Attorney's Office, _____, Texas, attorney of record for the State of Texas by first class mail.

Signed [date of brief].

[Attorney's name]

# NO. 10-__-_____-CR

## IN THE
## COURT OF APPEALS
## TENTH SUPREME JUDICIAL CIRCUIT

## [APPELLANT'S NAME]
**Appellant**

v.

## STATE OF TEXAS
**Appellee**

APPEAL FROM CAUSE NUMBER _____
IN THE _____ JUDICIAL DISTRICT OF _____ _ COUNTY, TEXAS

## LETTER TO CLIENT CONCERNING MOTION TO WITHDRAW

[ATTORNEY NAME]
[Attorney Address]
[Firm phone number]
[Firm Facsimile number]
[State Bar No. _____]
[Date of Brief]

# [FIRM LETTERHEAD]
ATTORNEY AT LAW

[Date of brief]

[Appellant]
TCDJ # ***

> **Re:** **Cause number 10-__-____-CR; In The Tenth Court of Appeals.**

Dear [Appellant]:

I write to inform you that I am filing a Motion to Withdraw as your appointed counsel on appeal. Unfortunately, the law states that I must file this motion if I have reviewed the record and found no meritorious issues. A defendant's right to assistance of counsel does not include the right to have an attorney urge frivolous or unmeritorious claims. *Penson v. Ohio*, 488 U. S. 75, 83-84 (1988). *If an attorney concludes that an appeal lacks merit, counsel is obligated to inform the client of this conclusion and refuse to prosecute the appeal.* *McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 437 (1988); TEX. DISCIPLINARY R. PROF. CONDUCT 3.01 (1989), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. (Vernon Supp. 1994) (State Bar Rules art. X, § 9) (emphasis added).

Please find enclosed copies of the following items:

1.      Motion to Withdraw as Counsel Pursuant to *Anders v. California* which is being filed in the District Court; and,

2.      Brief pursuant to *Anders v. California*; and

3.      A copy of this letter demonstrating its service to you to the Tenth Court of Appeals;

# NOTICE TO CLIENT

I have requested to be withdrawn as your appointed counsel in this case. Upon the granting of the Motion to Withdraw, I am discharged from further obligation to you. *Johnson v. State*, 885 S.W.2d 641, 647 (Tex. App.—Waco 1994, pet. ref'd). However, by granting the motion to withdraw, this does not mean you loose your right to an appeal. *Johnson*, 885 S.W.2d at 647 n.3. However, it does mean that you do not have a right to have an attorney represent you on appeal. *Johnson*, 885 S.W.2d at 647 n.3.

You have the right to file a brief or other response on your own behalf. *McMahon v. State*, 529 S.W.2d 771, 772 (Tex. Crim. App. 1975). In addition, you have the right to review the record to find what points to raise in your *pro se* brief. *McMahon*, 529 S.W.2d at 772. To aid you in this, I have previously sent you a copy of the record for your use. You must file this brief with the Tenth Court of Appeals in Waco, Texas. That court has previously said that they will allow the defendant thirty (30) days to file a *pro se* brief, if desired. *Sowels v. State*, 45 S.W.3d 690, 694 (Tex. App.—Waco 2001, no pet.).

In summary:

- I have provided a copy of the *Anders* brief to you; and,

- I have concluded as your attorney there are no issues which might arguably support an appeal and I am communicating this to the appellate court; and,

- I have informed you of your right to review the record, and provided a copy of the same; and,

- I have informed you of your right to file a brief or other response.

Furthermore, upon the decision of the Tenth Court of Appeals, you may have a right to file a Petition for Discretionary Review in the Court of Criminal Appeals.

Sincerely,

[FIRM NAME]

[Attorney's name]