IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00218-CR

 

Christopher Garner,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 361st District Court

Brazos County, Texas

Trial Court No. 04-03224-CRF-361

 



DISSENTING Opinion










 

            For the reasons expressed in Villanueva
v. State, I believe the majority has erred in its evaluation and treatment
of this Anders appeal.  Villanueva v. State, 209 S.W.3d 239,
249-252 (Tex. App.—Waco 2006, no pet.) (Gray, C.J., concurring).  I will not
elaborate further than I did in Villanueva about the reasons that we
should not engage in the extended discussion and analysis of issues that are
frivolous or without arguable merit in what is labeled an Anders
opinion.  The majority’s opinion is clearly not an Anders opinion.  This
is evidenced by the Court’s determination of the issues raised in Garner’s
response to his attorney’s Anders brief.  After the majority reviews and
concludes that the issue identified by Garner’s appointed counsel is without arguable
merit, i.e. frivolous, the majority then concludes the next ten issues
with the following determinations:

1.     
Written statement – error
harmless;

 

2.     
Detective Matthews’ testimony
– error in admitting testimony harmless;

 

3.     
Jury instruction – instruction
proper;

 

4.     
Improper jury argument –
failed to preserve;

 

5.     
Improper jury argument –
failed to preserve;

 

6.     
Sergeant Peters’ testimony;

 

      a. Hearsay testimony – objection does not
comport with complaint                  on appeal;

 

      b.  Hearsay testimony;

 

           i. Hearsay – harmless error,

 

          ii. Extraneous acts – complaint not
preserved,

 

         iii. Confrontation clause violation – complaint
not preserved,

 

      c.  More extraneous acts – error not
preserved;

 

7.     
Extraneous offense (tampering
with witnesses) – error not preserved;

 

8.     
Extraneous offense (smoking some
drugs) – error not preserved;

 

9.     
Hearsay, speculation, and
extraneous offenses (characterized by the majority as over 50 citations to the
record, much of which was elicited by Garner’s own counsel) – complaints are
not preserved; and

 

10. 
Deadly weapon finding – court
did not err in entering the affirmative finding of the use of a deadly weapon.

 

            It is obvious that in these ten
issues, some containing numerous sub-issues, the Court has not made the proper
determination, which would be that the issue is frivolous or without arguable
merit, but instead briefs and discusses the merits, including preservation, of
the issue and then makes a determination as to the disposition of the merits of
each of the issues.  While the majority has found that none of the issues
supports a reversal of the decision, it does not equate to the issues being
frivolous or without arguable merit.

            All of the foregoing excursions into
the discussion of these issues normally results in my concurrence in the judgment
but not the opinion of the Court.  See e.g., Villanueva,
209 S.W.3d at 249-252.  In this appeal, however, I do not conclude that none of
the ten issues identified by Garner, in response to his attorney’s Anders
brief, are lacking in “arguable merit.”

            Remembering that our duty in an Anders
appeal is to independently determine that there are no issues of arguable merit
presented on the record of the appeal, I cannot join the majority in its
determination.  

            If nothing else, given the number of
issues, errors, and complaints which the majority has concluded were not
preserved at trial, there is at least an arguable issue of the ineffective
assistance of counsel.  I believe Garner even raised this issue in his 9th
issue; however, the majority would not review the complaint because “the
substance of his argument does not address this claim.”  That is a briefing
requirement, and what the majority is reviewing should not be considered or
treated as Garner’s brief.  I have seen an issue on ineffective assistance of
counsel briefed and argued by attorneys when there was far less merit to
the argument than what is presented by this record.  

            Because there is at least one arguable
issue, I do not make any conclusions but would remand this proceeding to the
trial court for the appointment of new counsel to brief this issue and any
other issue identified by new counsel.

            This Court has previously required the
briefing of arguably meritorious issues when multiple counsel have failed to identify
the issue, and stood firm in our conviction that the issue was arguable and
needed to be briefed by counsel.  Perryman v. State, 159 S.W.3d 778
(Tex. App.—Waco 2005, order) (abated third time for the appointment of new
appellate counsel).  I would abate this appeal for the appointment of new
counsel so that the merits of the issues can be properly presented to this
Court for a determination.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

 

Dissenting
opinion delivered and filed May 30, 2007