# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00036-CR

**Charles Randel Wiethorn, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 391ST JUDICIAL DISTRICT NO. D-08-0748-SB, HONORABLE THOMAS J. GOSSETT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Charles Randel Wiethorn guilty of assault on a public servant, a third degree felony. *See* Tex. Penal Code Ann. § 22.01(b) (West Supp. 2010). The trial court assessed punishment, enhanced by two previous felony convictions, at 45 years' imprisonment. Wiethorn appealed his conviction, and his counsel filed a brief in this Court in which she stated that the appeal was frivolous and without merit. *See Anders v. California*, 386 U.S. 738 (1967). Wiethorn filed a pro se brief in which he raised as a ground for appeal that the trial court erred by refusing to instruct the jury that it could convict him of resisting arrest, which he contends was a lesser included offense of assault on a public servant as it was charged in the indictment. *See* Tex. Penal Code Ann. § 38.03 (West 2003) (resisting arrest); Tex. Crim Proc. Code Ann. art. 37.09 (West 2006) (lesser included offenses). We determined that Wiethorn had raised an arguable ground for appeal, so we abated the appeal and instructed the trial court to appoint substitute counsel. *See*

*Wiethorn v. State*, No. 03-09-00036-CR, 2010 Tex. App. LEXIS 6930 (Tex. App.—Austin Aug. 20, 2010, no pet.).

Wiethorn's substitute counsel has filed an *Anders* brief in which he analyzes Wiethorn's lesser-included-offense argument as some length and concludes that it is frivolous and without merit. Because we have already determined that the argument potentially has merit, *see id*. at \*2, Wiethorn's constitutional rights require that Wiethorn "be provided with counsel to properly brief" the argument in a manner that *supports* his appeal. *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009). *See also Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) ("After an attorney files a proper *Anders* brief . . . , the Court of Appeals . . . must conduct its own investigation of the record to discover if there are arguable grounds. If grounds are deemed arguable, the Court of Appeals then must abate the appeal and remand the case to the trial court with orders to appoint other counsel *to present those . . . grounds*) (emphasis added); *Perryman v. State*, 159 S.W.3d 778, 778-79 (Tex. App.—Waco 2005, no pet.) (after original appellate counsel filed *Anders* brief, court identified arguable ground for appeal and ordered appointment of substitute counsel; when substitute appellate counsel filed *Anders* brief instead of briefing ground identified by court, court was required to order appointment of second substitute counsel). We may not address the merits of Wiethorn's argument until it has been briefed by new counsel. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). Accordingly, we once again abate this appeal. We instruct the trial court to appoint substitute counsel to brief the argument in support of Wiethorn's view that the trial court erred by refusing to charge the jury on the lesser included offense of resisting arrest, along with any other issues that counsel deems meritorious. *See Stafford*, 813 S.W.2d at 511.

2

Present counsel's motion to withdraw is granted. *See id*. A copy of the order appointing substitute counsel shall be forwarded to this Court no later than May 26, 2011. Substitute counsel's brief will be due thirty days after the date of appointment.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton and Goodwin

Abated

Filed:  May 11, 2011

Do Not Publish