**Armando Miranda RAMOS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

No. 14–94–00525–CR.

Court of Appeals of Texas, Houston (14th Dist.).

June 20, 1996.

Robert G. Inger, Houston, for appellants.

Alan Curry, Houston, for appellees.

Before YATES, FOWLER and O'NEILL, JJ.

1. The crime for which appellant was convicted was committed before September 1, 1994, the effective date of the revised health and safety code. *See* Acts 1993, 73rd Leg., Ch. 900, § 2.02. Therefore, all references to the health and safety code are to the code in effect at the time the crime was committed.

## OPINION

YATES, Justice.

Appellant, Armando Miranda Ramos, appeals the trial court's decision to revoke his probation. In one point of error, appellant contends the trial court failed to admonish him as to the proper punishment range as required by Article 26.13 of the Texas Code of Criminal Procedure. We affirm.

Pursuant to a plea agreement, appellant entered a plea of guilty to possession of less than twenty-eight grams of a controlled substance, which is a second degree felony. TEX. HEALTH & SAFETY CODE ANN. § 481.115 (Vernon 1992).[1] The trial court deferred adjudication and placed appellant on probation for ten years. The State filed an application to proceed to final adjudication alleging, among other things, that appellant (1) committed a new offense of aggravated delivery of a controlled substance by offer to sell; and (2) failed to complete his court-required community service. At a hearing on the motion, appellant entered a plea of true to the allegation that he failed to complete the required community service. The trial court found the allegations in the State's motion to be true and revoked appellant's probation. The trial court then assessed punishment at ten years confinement in the Institutional Division of the Texas Department of Criminal Justice.

██ In his sole point of error, appellant contends the trial court did not substantially comply with Article 26.13 of the Texas Code of Criminal Procedure because the court erroneously admonished him as to the possible punishment range. TEX.CODE CRIM. PROC. ANN. art. 26.13. As a preliminary matter, the State contends this Court is without jurisdiction to entertain appellant's appeal because appellant entered a plea of guilty with an agreed recommendation and filed a general notice of appeal. TEX.R.APP. P. 40(b)(1).[2]

2. Rule 40(b)(1) provides in pertinent part as follows:

[I]f the judgment was rendered upon [a] plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in

*Lyon v. State*, 872 S.W.2d 732, 736 (Tex. Crim.App.1994) (citing *Davis v. State*, 870 S.W.2d 43 (Tex.Crim.App.1994)).

There exists a conflict among the courts of appeals concerning whether Rule 40(b)(1) precludes a defendant from appealing the trial court's failure to properly admonish him as to the consequences of his plea of guilty pursuant to article 26.13 of the code of criminal procedure. Recently, in *Penny v. State*, 880 S.W.2d 59 (Tex.App.—Dallas 1994, no pet.), the Dallas Court of Appeals held that because a general notice of appeal confers jurisdiction on a court of appeals to consider only jurisdictional issues, an appellant could not appeal any alleged error that affects the validity of the guilty plea, including issues concerning the voluntariness of the plea. *Id.* at 61. Likewise, at least two other courts of appeals have concluded that Rule 40(b)(1) precludes a defendant from appealing the failure to admonish under article 26.13, *Tillman v. State*, 919 S.W.2d 836, 838-39(Tex.App.—Fort Worth, March 28, 1996, petition filed), or the voluntariness of the plea. *Martinez v. State*, 907 S.W.2d 34, 35-37 (Tex.App.—San Antonio 1995, pet. filed); *see also, Alfaro v. State*, 904 S.W.2d 173, 175 (Tex.App.—San Antonio 1995, no pet.); *but c.f. Martinez v. State*, 906 S.W.2d 651, 654-655 (Tex.App.—Fort Worth 1995, pet. filed) (court reached merits of claims concerning failure to provide art. 42.12 § 5(a) and (b) warnings but dismissed claim that trial court erred in failing to admonish as to legal effect of plea of nolo contendere).

■ However, the Eighth Court of Appeals reached a contrary result in *Rodriguez v. State*, 850 S.W.2d 603 (Tex.App.—El Paso 1993, no pet.). In concluding that a defendant may raise the issue of the voluntariness of a guilty plea and his mental competence to understand it at any time, the court reasoned "the procedural limitations of [Rule 40(b)(1) ]

are clearly predicated upon a voluntary and knowing plea of guilty." *Id.* at 606. A trial court is prohibited from accepting a plea of guilty unless it appears the defendant is mentally competent and the plea is free and voluntary. *Id.* The very purpose of article 26.13 is to ensure that only pleas passing constitutional muster are accepted by the trial courts and the requirements of article 26.13 are mandatory and may be raised at any time. *Id.* Further, the court noted that when a defendant enters a plea of guilty *without* an agreed recommendation, he or she may always challenge the voluntariness of the plea, and the same protection should be afforded defendants pleading guilty as the result of plea negotiations. *Id.* at 605. We agree with the holding and analysis of *Rodriguez*.[3] Therefore, we conclude that we may examine the merits of appellant's claims.

■ The record reflects that appellant signed a document entitled "Waiver of Court Reporters" in which he waived a court reporter, stipulated to his plea of guilty, and acknowledged the article 26.13 admonishments. The admonishments incorrectly recited that the applicable punishment range was five to ninety-nine years and/or life, and a $20,000 fine. The punishment range for a second degree felony is two to twenty years, and a fine of no more than $ 10,000. TEX. PENAL CODE ANN. § 12.33 (Vernon 1974). The prosecuting attorney, appellant's trial counsel, and the trial judge also signed this document, and the docket sheet reflects that the trial court admonished appellant of the consequences of his plea.

■ As stated previously, article 26.13 requires the trial court to admonish a defendant, among other things, of the range of punishment before accepting a plea of guilty. TEX.CODE CRIM. PROC. ANN. art. 26.13(a)(1) (Vernon 1989). "[S]ubstantial compliance by

order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.

3. We note that an admonition on punishment is relevant to the voluntariness of the plea. *Hughes v. State*, 833 S.W.2d 137 (Tex.Crim.App.1992).

Thus, we find that an allegation concerning the failure to properly admonish concerning the range of punishment is appealable despite the jurisdictional limits of Rule 40(b)(1). Because that is the only issue before this court today, we do not address whether the failure to comply with the other mandates of art. 26.13 are likewise appealable.

**160**

the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court." *Id.* § 26.13(c). The trial court substantially complies if it undertakes to admonish the defendant as to the range of punishment, assesses a sentence within the range prescribed by law, and the defendant fails to affirmatively show harm. *Hughes v. State*, 833 S.W.2d at 140. Such compliance constitutes a prima facie showing of a knowing and voluntary plea. *Id.*

In this case, the trial court substantially complied with the article 26.13 admonishments. Although the trial court clearly misinformed appellant of the punishment range for a second degree felony, the court sentenced appellant to ten years confinement, which is well within the punishment range for a second degree felony. In addition, appellant has failed to show harm or demonstrate how his plea was rendered involuntary because of the erroneous admonishment. Therefore, we overrule appellant's point of error.

The judgment of the court below is affirmed.

