**Patrick Francis BOCCARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–98–01389–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 29, 1999.

Kent A. Schaffer, Houston, for appellant.

Calvin A. Hartmann, Houston, for appellee.

Panel consists of Justices YATES, FOWLER, and FROST.

## OPINION

PER CURIAM.

Appellant filed an application for writ of habeas corpus in the trial court, claiming his plea of "no contest" on a 1988 charge of possession of a controlled substance was involuntary. Specifically, appellant claimed that he was improperly admonished under article 26.13(a)(4) of the Texas Code of Criminal Procedure. The trial court denied the relief appellant requested and filed findings of fact and conclusions of law. Appellant now claims that the trial court abused its discretion in denying his application. We affirm.

On August 16, 1988, appellant, without a recommendation from the State on sentencing, pleaded "no contest" to the offense of possession of a controlled substance, hashish. The trial court sentenced appellant to one year deferred adjudication.[1] Before he entered his plea, the trial court engaged appellant in a dialogue about his citizenship and the consequences attached to a plea. During this conversation, appellant told the trial court that he was a citizen of France. He told the court that he was in the United States on a tourist visa and was attending Rice University. Appellant also told the court that he did not intend to become a permanent resident of the United States, at which point, the following exchange took place:

THE COURT: Do you understand that your *conviction* in this case could lead to your deportation from the United States?

THE DEFENDANT: Yes, ma'am.

THE COURT: Do you understand further your *conviction* in this case could prevent you from obtaining or maintaining legal residency or obtaining citizenship?

THE DEFENDANT: Yes, ma'am.

(emphasis added)

After further conversation with, and admonishment by, the trial court, appellant entered his plea of "no contest." He was then sentenced to one year deferred adjudication, which he successfully completed in 1989. At some point, appellant returned to his native country, France. When he recently tried to re-enter the United States, he was denied entry because of the 1988 judgment and sentence in the possession case.

In his application for writ of habeas corpus, appellant claims that his plea of "no contest" was involuntary because the trial court improperly admonished him concerning the consequences of his plea relative to his status as a citizen of France. Specifically, appellant claims the trial court admonished him that upon *conviction* he could be deported or refused entry into the United States. He argues that because he received deferred adjudication, which he successfully completed, he was never *convicted*, and had he known that the plea alone could have deportation or re-entry consequences, he would have pleaded not guilty and he would have requested a jury trial.

Article 26.13(a)(4) provides that before accepting a plea of guilty or no contest, the trial court must admonishment the defendant of:

[T]he fact that if the defendant is not a citizen of the United States of America, *a plea of guilty or nolo contendere* for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

1. On August 16, 1989, appellant successfully completed his deferred adjudication and he was discharged according to the law with no finding of guilty.

TEX.CODE CRIM. PROC. ANN. art. 26.13(a)(4) (Vernon 1989) (emphasis added).

In this case, rather than advising the defendant that *a plea of guilty or no contest* could have immigration consequences, the trial court advised the defendant that a *conviction* could have immigration consequences. The admonishment given by the trial court, therefore, was technically incorrect under article 26.13(a)(4). *See id.* This technical defect, however, is of no consequence under the facts of this case because appellant readily exposed himself to the full range of punishment without a guarantee that he would be placed on deferred adjudication.

■ In admonishing a defendant under article 26.13, substantial compliance by the trial court is sufficient unless the defendant affirmatively demonstrates that (1) he was not aware of the consequences of his plea, and (2) he was misled or harmed by the court's admonishment. *See* TEX.CODE CRIM. PROC. ANN. art. 26.13(c) (Vernon 1989); *Ramos v. State,* 928 S.W.2d 157, 159–60 (Tex.App.—Houston [14th] 1996, no pet.). While the admonishment in this case did not track the language of article 26.13(a)(4), the trial court *did* advise appellant that he might be deported to his native country. We find this admonishment constitutes substantial compliance. *See Garcia v. State,* 877 S.W.2d 809, 813 (Tex.App.-Corpus Christi 1994, pet. ref'd) (holding that trial court substantially complied with article 26.13(a)(4) when trial court informed defendant he could be deported, but failed to inform him that he could be excluded from admission or denied naturalization); *see also Hancock v. State,* 955 S.W.2d 369, 372 (Tex.App.—San Antonio 1997, no pet.) (holding that trial court's failure to follow article 26.13 "to the letter" is not necessarily fatal). Thus, appellant must affirmatively show that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment. *See* TEX.CODE CRIM. PROC. ANN. art. 26.13(c) (Vernon 1989); *Ramos,* 928 S.W.2d at 159–60.

■ After receiving the admonishment, appellant stated his intention to plead no contest to the charge against him. Nevertheless, the trial court continued to question appellant in an attempt to make sure that he understood the consequences of his plea. The trial court asked appellant if anyone had promised him anything for his plea or in any way forced him to plead no contest. Appellant answered, "No, ma'am." The court asked appellant if he had been promised anything regarding parole; again, appellant said no. Then, the following exchange took place:

> THE COURT: Do you understand the range of punishment for this offense is by confinement in the Texas Department of Corrections for a period of not less than 2 years nor more than 10 years, plus a fine of up to $5,000 may be assessed?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: And you understand further I do not have to follow—there is no plea bargain agreement. Do you understand that?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: So, it's wholely [sic] within my discretion as to what punishment I assess?
>
> THE DEFENDANT: I understand, ma'am.
>
> THE COURT: That's considerable jeopardy that you're putting yourself in.
>
> Now, reviewing everything that we have discussed thus far, do you still persist in your plea?
>
> THE DEFENDANT: Yes, ma'am.

After this exchange and further warnings by the trial court as to the valuable rights appellant would be giving up if he pleaded no contest, the prosecutor then questioned appellant. The prosecutor specifically asked appellant if he understood that there was no plea recommendation in this case and that the trial court could find him guilty and assess any punishment the court desired, from one day in the Harris County Jail to ten years in

the Texas Department of Criminal Justice—Institutional Division. Appellant told the prosecutor that, understanding all of the consequences, he still wanted to plead no contest.

Based on the circumstances of the plea hearing, we hold that appellant cannot affirmatively show that he was unaware of the consequences of his plea. Although the trial court told appellant that upon "conviction" his status in this country might be threatened, rather than using the "plea" as the triggering event, appellant was fully informed that his plea could result in conviction and deportation. There is nothing in the record that indicates appellant knew that he would be placed on deferred adjudication at the time he entered his plea; rather, the record shows that there was every chance, up until the time the trial court made its final decision, that the trial court would find appellant guilty and sentence him to confinement in the Texas Department of Criminal Justice—Institutional Division. Significantly, appellant, aware of the fact that he *could be convicted,* and upon conviction deported, still persisted in pleading no contest. In other words, when confronted with the worst case scenario, appellant still persisted in pleading to the charge.

Accordingly, under these circumstances, we cannot find that appellant was unaware of the consequences of his plea or that his plea was involuntary. It was appellant's good fortune that the trial court decided to place him on deferred adjudication; the trial court easily could have sentenced appellant to ten years confinement, a fact that appellant readily acknowledged before sentencing. Appellant's good fortune in sentencing does not render his plea involuntary, nor does his argument provide ground for reversing the trial court's denial of his application for writ of habeas corpus.

We affirm the trial court's judgment.