COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-019-CR
  
  
JUAN 
P. MARTINEZ                                                               APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
THE 371ST DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Juan 
P. Martinez appeals from his convictions for aggravated sexual assault of a 
child under fourteen and indecency with a child by contact. In two points, he 
complains that his open guilty plea was involuntary because the trial court 
failed to properly admonish him and because, in his presentence investigation 
report (PSI), he denied any wrongdoing. We will affirm.
        In 
his first point, appellant asserts that his guilty plea was involuntary because 
the trial court failed to show on the record that it had admonished him 
regarding the punishment range for the two indecency counts and therefore did 
not substantially comply with article 26.13 of the code of criminal procedure. See 
Tex. Code Crim. Proc. Ann. art. 
26.13(a), (c) (Vernon Supp. 2004).
        Failure 
to admonish regarding the applicable range of punishment is failure to 
substantially comply with article 26.13(a)(1). Burnett v. State, 88 
S.W.3d 633, 637 (Tex. Crim. App. 2002). Reversal based on this error is not 
required, however, unless the record shows that appellant was unaware of the 
consequences of his plea—here, the range of punishment—and was misled or 
harmed by the trial court’s failure to admonish. See id. at 637-38; 
see also Aguirre-Mata v. State, 992 S.W.2d 495, 498-99 (Tex. Crim. App. 
1999) (holding that failure to admonish regarding punishment range is 
nonconstitutional error subject to harm analysis under appellate rule 44.2(b)). 
“Harm” in this context means that appellant probably would not have pleaded 
guilty but for the failure to admonish. Burnett, 88 S.W.3d at 638 n.14.
        In 
this case, appellant was admonished in writing that the range of punishment for 
the aggravated sexual assault offense, a first degree felony, was five to 
ninety-nine years or life imprisonment and a fine of up to $10,000. See Tex. Penal Code Ann. § 12.32 (Vernon 
2003), § 22.021(e) (Vernon Supp. 2004-05). The written plea admonishments do 
not mention the lesser punishment range for indecency with a child by contact, 
which is a second degree felony. See id. § 21.11(d) (Vernon 2003); see 
also id. § 12.33 (providing that punishment range for second degree felony 
is two to twenty years’ imprisonment and up to $10,000 fine). But the plea 
agreement that appellant, his attorney, and the assistant district attorney 
signed regarding appellant’s open plea clearly but improperly listed the 
punishment range for all three offenses as “5-99 yr/life Tx Dept Corr & 
0-10,000” and provided that punishment would be assessed by the trial court. 
Thus, appellant was mistakenly informed that he could receive up to ninety-nine 
years or life in prison and a $10,000 fine for the indecency offenses.
        At 
the punishment hearing, which was recorded,[2] the 
trial court sentenced appellant to twenty years’ confinement for each 
indecency offense. Appellant never complained at that hearing that he was 
unaware of the punishment range for the indecency offenses, and his motion for 
new trial did not mention voluntariness or the trial court’s failure to 
admonish him on the range of punishment.
        Having 
independently examined the record, as we are required to do,[3] 
we find no indication that appellant would not have pleaded guilty but for the 
trial court’s failure to admonish him that the maximum term of imprisonment he 
could receive for the indecency offenses was actually only twenty years, rather 
than ninety-nine years or life. Accordingly, we hold that the trial court’s 
failure to admonish appellant in writing regarding the punishment range for the 
indecency by contact offenses did not violate his substantial rights or render 
his plea involuntary. See Burnett, 88 S.W.3d at 639-41 & nn. 22-23 
(concluding, based on lack of complaint in trial court and evidence of 
appellant’s factual knowledge of punishment range from sources other than 
trial court, that appellant’s substantial rights were not harmed by lack of 
admonishment regarding punishment); Ramos v. State, 928 S.W.2d 157, 
159-60 (Tex. App.—Houston [14th Dist.] 1996, no pet.) (holding that appellant 
was not harmed by trial court’s incorrect admonishment regarding first degree 
punishment range for second degree felony). We overrule appellant’s first 
point.
        In 
his second point, appellant contends that the trial court should have sua sponte 
withdrawn his guilty plea as involuntary because the PSI shows that he continued 
to deny having committed the charged offenses despite his guilty plea.
        Although 
a defendant has the right to withdraw his guilty plea in a timely fashion, the 
trial court has no duty to sua sponte withdraw the plea in the absence of such a 
request. Mendez v. State, No. 0817-01, 2004 WL 1462178, at *12-13 (Tex. 
Crim. App. June 30, 2004). If a defendant does not make a timely request to 
withdraw his plea, he forfeits his right to complain on appeal that the trial 
court should have done it for him—even when the record contains testimony from 
the defendant that is inconsistent with the guilty plea. Id. at *1, 6, 
13.[4]
        In 
this case, appellant signed a sworn judicial confession at the plea hearing in 
which he confessed to each of the charged offenses. The trial court accepted 
appellant’s guilty plea and ordered a PSI. At the punishment hearing appellant 
stated, in response to the trial court’s inquiry, that he was the person who 
had pleaded guilty to the charged offenses at the plea hearing.[5]  
The PSI, which was admitted into evidence at punishment, contains the child 
victim’s detailed testimony concerning the offenses and appellant’s 
admission that he had once touched the victim “under her pants” and kissed 
her “intimately”—although appellant denied that any penetration had 
occurred. There is no indication, however, that appellant sought to withdraw his 
guilty plea. Therefore, appellant has forfeited his complaint on appeal. Id. 
at *13; see also Aldrich v. State, 104 S.W.3d 890, 894 (Tex. Crim. App. 
2003) (holding that, when defendant has waived jury trial and pleaded guilty, 
trial court has no duty to conduct special proceeding inquiring into voluntary 
nature of plea when evidence inconsistent with guilt is introduced). We overrule 
appellant’s second point and affirm the trial court’s judgment.
  
  
                                                                  PER 
CURIAM
 
 
PANEL F:   CAYCE, 
C.J.; DAUPHINOT and HOLMAN, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
August 12, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Appellant waived the recording of the plea hearing.
3.  
See Burnett, 88 S.W.3d at 638.
4.  
The cases on which appellant relies are not on point because they all predate Mendez, 
and several also involved a request from the defendant to withdraw his plea.
5.  
Appellant cites no authority for his implied argument that the trial court could 
not consider his judicial confession because it was not offered into evidence at 
the punishment hearing; therefore, we will not address this argument. See 
Tex. R. App. P. 38.1(h); Salazar 
v. State, 38 S.W.3d 141, 147 (Tex. Crim. App.), cert. denied, 534 
U.S. 855 (2001); Narvaiz v. State, 840 S.W.2d 415, 429 (Tex. Crim. App. 
1992), cert. denied, 507 U.S. 975 (1993).