Martinez v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-019-CR

JUAN P. MARTINEZ APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Juan P. Martinez appeals from his convictions for aggravated sexual assault of a child under fourteen and indecency with a child by contact.  In two points, he complains that his open guilty plea was involuntary because the trial court failed to properly admonish him and because, in his presentence investigation report (PSI), he denied any wrongdoing.  We will affirm. 

In his first point, appellant asserts that his guilty plea was involuntary because the trial court failed to show on the record that it had admonished him regarding the punishment range for the two indecency counts and therefore did not substantially comply with article 26.13 of the code of criminal procedure.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 26.13(a), (c) (Vernon Supp. 2004).

Failure to admonish regarding the applicable range of punishment is failure to substantially comply with article 26.13(a)(1).  
Burnett v. State,
 88 S.W.3d 633, 637 (Tex. Crim. App. 2002).  Reversal based on this error is not required, however, unless the record shows that appellant was unaware of the consequences of his plea—here, the range of punishment—and was misled or harmed by the trial court’s failure to admonish.  
See id.
 at 637-38;
 see also Aguirre-Mata v. State,
 992 S.W.2d 495, 498-99 (Tex. Crim. App. 1999) (holding that failure to admonish regarding punishment range is nonconstitutional error subject to harm analysis under appellate rule 44.2(b)).  “Harm” in this context means that appellant probably would not have pleaded guilty but for the failure to admonish.  
Burnett,
 88 S.W.3d at 638 n.14.

In this case, appellant was admonished in writing that the range of punishment for the aggravated sexual assault offense, a first degree felony, was five to ninety-nine years or life imprisonment and a fine of up to $10,000.  
See
 
Tex. Penal Code Ann.
 § 12.32 (Vernon 2003), § 22.021(e) (Vernon Supp. 2004-05).  The written plea admonishments do not mention the lesser punishment range for indecency with a child by contact, which is a second degree felony.  
See id.
 § 21.11(d) (Vernon 2003); 
see also id.
 § 12.33 (providing that punishment range for second degree felony is two to twenty years’ imprisonment and up to $10,000 fine).  But the plea agreement that appellant, his attorney, and the assistant district attorney signed regarding appellant’s open plea clearly but improperly listed the punishment range for all three offenses as “5-99 yr/life Tx Dept Corr & 0-10,000” and provided that punishment would be assessed by the trial court.  Thus, appellant was mistakenly informed that he could receive up to ninety-nine years or life in prison and a $10,000 fine for the indecency offenses.

At the punishment hearing, which was recorded,
(footnote: 2) the trial court sentenced appellant to twenty years’ confinement for each indecency offense.  Appellant never complained at that hearing that he was unaware of the punishment range for the indecency offenses, and his motion for new trial did not mention voluntariness or the trial court’s failure to admonish him on the range of punishment.  

Having independently examined the record, as we are required to do,
(footnote: 3) we find no indication that appellant would not have pleaded guilty but for the trial court’s failure to admonish him that the maximum term of imprisonment he could receive for the indecency offenses was actually only twenty years, rather than ninety-nine years or life.  Accordingly, we hold that the trial court’s failure to admonish appellant in writing regarding the punishment range for the indecency by contact offenses did not violate his substantial rights or render his plea involuntary.  
See Burnett,
 88 S.W.3d at 639-41 & nn. 22-23 (concluding, based on lack of complaint in trial court and evidence of appellant’s factual knowledge of punishment range from sources other than trial court, that appellant’s substantial rights were not harmed by lack of admonishment regarding punishment); 
Ramos v. State,
 928 S.W.2d 157, 159-60 (Tex. App.—Houston [14th Dist.] 1996, no pet.) (holding that appellant was not harmed by trial court’s incorrect admonishment regarding first degree punishment range for second degree felony).  We overrule appellant’s first point.

In his second point, appellant contends that the trial court should have sua sponte withdrawn his guilty plea as involuntary because the PSI shows that he continued to deny having committed the charged offenses despite his guilty plea.  

Although a defendant has the right to withdraw his guilty plea in a timely fashion, the trial court has no duty to sua sponte withdraw the plea in the absence of such a request.  
Mendez v. State,
 No. 0817-01, 2004 WL 1462178, at *12-13 (Tex. Crim. App. June 30, 2004).  If a defendant does not make a timely request to withdraw his plea, he forfeits his right to complain on appeal that the trial court should have done it for him—even when the record contains testimony from the defendant that is inconsistent with the guilty plea.  
Id.
 at *1, 6, 13.
(footnote: 4)
 In this case, appellant signed a sworn judicial confession at the plea hearing in which he confessed to each of the charged offenses.  The trial court accepted appellant’s guilty plea and ordered a PSI.  At the punishment hearing appellant stated, in response to the trial court’s inquiry, that he was the person who had pleaded guilty to the charged offenses at the plea hearing.
(footnote: 5)  The PSI, which was admitted into evidence at punishment, contains the child victim’s detailed testimony concerning the offenses and appellant’s admission that he had once touched the victim “under her pants” and kissed her “intimately”—although appellant denied that any penetration had occurred.  There is no indication, however, that appellant sought to withdraw his guilty plea.  Therefore, appellant has forfeited his complaint on appeal.  
Id.
 at *13; 
see also Aldrich v. State,
 104 S.W.3d 890, 894 (Tex. Crim. App. 2003) (holding that, when defendant has waived jury trial and pleaded guilty, trial court has no duty to conduct special proceeding inquiring into voluntary nature of plea when evidence inconsistent with guilt is introduced).  We overrule appellant’s second point and affirm the trial court’s judgment.

PER CURIAM

PANEL F: CAYCE, C.J.; DAUPHINOT and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: August 12, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Appellant waived the recording of the plea hearing.  

3:
See Burnett,
 88 S.W.3d at 638.

4:
The cases on which appellant relies are not on point because they all predate 
Mendez,
 and several also involved a request from the defendant to withdraw his plea.  

5:
Appellant cites no authority for his implied argument that the trial court could not consider his judicial confession because it was not offered into evidence at the punishment hearing; therefore, we will not address this argument.  
See
 
Tex. R. App. P.
 38.1(h); 
Salazar v. State,
 38 S.W.3d 141, 147 (Tex. Crim. App.), 
cert. denied,
 534 U.S. 855 (2001); 
Narvaiz v. State,
 840 S.W.2d 415, 429 (Tex. Crim. App. 1992), 
cert. denied,
 507 U.S. 975 (1993).