Affirmed and Memorandum Opinion filed June 27, 2006









Affirmed
and Memorandum Opinion filed June 27, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00382-CR

____________

 

ALEXANDER BYRON
GOSHORN,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 212th
District Court 

Galveston County, Texas

Trial Court Cause No. 03CR0057

 



 

M E M O R A N D U M   O P I N I O N

Appellant Alexander Byron Goshorn pleaded
guilty to failure to stop and render aid. 
A jury found an enhancement paragraph true and sentenced appellant to
ten years= imprisonment.  In three issues, appellant claims he received
ineffective assistance of counsel, the trial court reversibly erred by failing
to admonish him of the applicable punishment range, and his plea was
involuntary.  We affirm.








Factual and
Procedural Background

Around midnight on January 11, 2003,
appellant struck another car on a freeway, causing it to veer off the road and
overturn.  Appellant left the accident
scene without stopping.  Police traced a
hood emblem found at the scene to appellant, and the State charged him with
failure to stop and render aid.  A prior
felony conviction for possession of a controlled substance was alleged in an
enhancement paragraph.

At a hearing before the trial court,
appellant pleaded guilty to failure to stop and render aid and said he wanted
to proceed to punishment.  The trial
court accepted appellant=s plea and then asked the parties to fill
out a plea admonishment form Abecause it deals
with the punishment range.@  Appellant=s attorney and the
trial court advised him that the charged offense (without enhancement) was a
third-degree felony with a two-to-ten year punishment range.  However, shortly afterward, the prosecutor
clarified that the charged offense was not a third-degree felony but a
violation of the Transportation Code, which carries a different penalty
range.  The trial court ensured that
appellant understood the correction and asked if he wanted to change his
plea.  Appellant replied, ANo.@  The parties then selected a jury, which
assessed punishment, and this appeal followed.

Analysis

A.  Propriety of the
Admonishments

In his second issue, appellant complains
that the trial court reversibly erred by accepting his guilty plea before
properly admonishing him of its consequences. 
The Texas Code of Criminal Procedure provides that, prior to accepting a
plea of guilty or of nolo contendere, a trial court must admonish the defendant
of the range of punishment attached to the offense.  Tex.
Code Crim. Proc. Ann. ' 26.13(a)(1)
(Vernon Supp. 2005).  In admonishing the
defendant, substantial compliance by the trial court is sufficient unless the
defendant affirmatively shows he was not aware of the consequences of his plea
and was misled or harmed by the court=s
admonishment.  Id. _ 26.13(c).  The trial court may admonish a defendant
either orally or in writing.  Id. _ 26.13(d).








Under the Texas Transportation Code, the
operator of a vehicle involved in an accident resulting in injury must stop at
or near the scene and provide Areasonable
assistance@ if needed or requested by a person
injured in the accident.  Tex. Transp. Code Ann. '_ 550.021(a), 550.023(3) (Vernon
1999).  A violation of this section is
punishable by a fine and/or imprisonment in the county jail for up to a year or
up to five years with the Texas Department of Criminal Justice (ATDCJ@).  Id. ' 550.021(c).  Because it carries a possible penitentiary
sentence, failure to stop and render aid is classified as a third-degree felony
for enhancement purposes under the Penal Code. 
See Tex. Penal Code Ann.
_ 12.41(1) (Vernon
2003).  With a prior felony conviction,
it is enhanced to a second-degree felony. 
See id. ' 12.42(a)(3) (Vernon Supp. 2005).

The record shows that after accepting
appellant=s guilty plea, the trial court had the
parties complete a written plea admonishment form, which appellant signed.  The form correctly recited the applicable
punishment ranges as one to five years for the charged offense and two to
twenty years with the enhancement.  As
the form was completed, the trial court advised, ANow, this is a
second degree [felony], so check second degree [on the form].@  Then, after a brief recess, the prosecutor
stated, AWe just want to
make sure it=s on the record that the correct
punishment range is read to the defendant,@ explaining, AThis a [sic] third
degree felony under the transportation code. 
The punishment range is no more than one year in the county jail or no
more than five years TDCJ.  That=s without any
findings of true on the enhancement paragraph.@  The trial court advised appellant, ASo, earlier when
we told you what would happen if they ended up finding the enhancement true,
you said it was two and it=s more than
that.  So you understand that?@  After appellant replied affirmatively, the
trial court asked, AAnd does the new information change your
plea?@  Appellant replied, ANo.@








Because appellant had an opportunity to
change his plea after the trial court gave him a correct written admonishment
and an oral correction of the previous error, and the record shows appellant
knew the actual punishment range when he declined to change his plea, we find
the trial court substantially complied with the statutory admonishment
requirements.  See Ramos v. State,
928 S.W.2d 157, 160 (Tex. App.CHouston [14th
Dist.] 1996, no pet.) (AThe trial court substantially complies if
it undertakes to admonish the defendant as to the range of punishment, assesses
a sentence within the range prescribed by law, and the defendant fails to
affirmatively show harm.@). 
Moreover, appellant=s ten-year
sentence was within the punishment range for a second-degree felony, and the
record clearly shows the trial court admonished him that he faced two to twenty
years with the enhancement.  Appellant
indicated several times that he wanted to plead guilty and proceed to
punishment, and he fails to affirmatively show he was misled or harmed by the
trial court=s admonishment error.  See id. 
Thus, we overrule appellant=s second issue.

B.  Ineffective Assistance of
Counsel

In his first issue, appellant claims he
received ineffective assistance of counsel at trial. Specifically, he complains
counsel failed to advise him of the correct punishment range for the charged
offense or the correct burden of proof for an enhancement paragraph.  He also claims counsel objected on the wrong
basis to prejudicial evidence.








Ineffective assistance claims are governed
by the two-pronged test announced in Strickland v. Washington, 466 U.S.
668 (1984).  To prove ineffective
assistance, appellant must show (1) that counsel=s representation
was deficient, falling below the standard of prevailing professional norms, and
(2) a reasonable probability that the result of the proceeding would have been
different but for trial counsel=s deficient
performance.  Id. at 687B96; Salinas v.
State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005).  A court need not determine whether an
appellant has met either prong in a particular order; rather, it may begin with
the prejudice prong if that course would make disposal of an ineffectiveness
claim easier.  Strickland, 466
U.S. at 697.  There is a strong
presumption that counsel=s conduct fell within the wide range of
reasonable professional assistance.  Salinas,
163 S.W.3d at 740.  To defeat this
presumption, A>any allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.=@  Thompson v. State, 9 S.W.3d 808, 814
(Tex. Crim. App. 1999) (quoting McFarland v. State, 928 S.W.2d 482, 500
(Tex. Crim. App. 1996)).  Without
specific explanations for counsel=s decisions, a
record on direct appeal will rarely contain sufficient information to evaluate
an ineffective assistance claim.  See
Bone v. State, 77 S.W.3d 828, 830, 833 (Tex. Crim. App. 2002); Thompson,
9 S.W.3d at 813B14. 
Further, without such explanation, we do not find deficient performance
unless the challenged conduct was A>so outrageous that
no competent attorney would have engaged in it.=@  See Goodspeed v. State, 187 S.W.3d
390, 392 (Tex. Crim. App. 2005) (quoting Garcia v. State, 57 S.W.3d 436,
440 (Tex. Crim. App. 2001)).

Appellant claims counsel was deficient
because she erroneously believed the State had to prove the enhancement
paragraph beyond a reasonable doubt. 
However, counsel was correct in her belief.  See Williams v. State, 980 S.W.2d 222,
226 (Tex. App.CHouston [14th Dist.] 1998, pet. ref=d) (AUnder Texas law,
the State must prove beyond a reasonable doubt its enhancement case as alleged
in the charging instrument.@).  Thus, appellant fails to show counsel was
deficient, and we reject this basis of his ineffective assistance claim.

Appellant also complains that counsel
failed to correctly advise him of the applicable punishment range.  The record shows that counsel erroneously
believed that failure to stop and render aid is a third-degree felony that
carries a two-to-ten year punishment range. 
See Tex. Penal Code Ann.
_ 12.34(a) (Vernon
1994).  It is actually classified under
the Transportation Code and carries a one-to-five year punishment range.  See Tex.
Transp. Code Ann. _
550.021(c)(1).  However, even if counsel
erred in advising appellant of the correct punishment range, appellant fails to
show that he was prejudiced by the error. 
See Strickland, 466 U.S. at 687. 
Nothing in the record suggests that, but for counsel=s error, appellant
would have pleaded differently.  Rather,
the record shows appellant understood the correct punishment range despite
counsel=s mistake.  See Rodriguez v. State, 899 S.W.2d
658, 666 (Tex. Crim. App. 1995) (AAn essential
requisite to successfully attacking a guilty plea on ineffective assistance
grounds is that appellant must show the alleged deficiencies caused his plea to
be unknowing and involuntary.@).  Thus, we reject this basis for appellant=s ineffective
assistance claim.








Finally, appellant claims counsel objected
on the wrong basis to prejudicial evidence. 
Specifically, he complains counsel objected to State=s exhibits of
three modifications of his community supervision based on relevance under Rule
401 of the Texas Rules of Evidence rather than on unfair prejudice under Rule
403.  However, an objection under Rule
401 is not beyond the scope of reasonable trial strategy, and even if counsel
could have also objected under Rule 403, that alone is insufficient to
establish ineffective assistance.  See
McFarland, 845 S.W.2d at 843 (noting that isolated instances of omission or
commission in the record do not render counsel=s performance
ineffective).  We reject this final basis
for appellant=s ineffective assistance claim and
accordingly overrule his first issue.

C. 
Voluntariness of the Plea

In appellant=s third issue, he
claims the trial court=s improper admonishments and his counsel=s deficient
performance rendered his guilty plea involuntary.  However, we have already overruled his
complaints on these issues.  Moreover,
appellant signed a plea admonishment form, creating a presumption that his plea
was voluntary.  See Martinez v. State,
981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (noting that written admonishments
signed by a defendant create a presumption that the plea was voluntary).  Appellant fails to rebut this presumption or
demonstrate that counsel=s errors rendered his plea involuntary.  See Rodriguez, 899 S.W.2d at 666.  Thus, we overrule his third issue.

Having overruled appellant=s three issues, we
affirm the trial court=s judgment.

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

Judgment
rendered and Memorandum Opinion filed June 27, 2006.

Panel
consists of Chief Justice Hedges and Justices Yates and Guzman.

Do
Not Publish C Tex.
R. App. P. 47.2(b).