MEMORANDUM OPINION

 

No. 04-09-00053-CR

 

Jacob VELEZ,

Appellant

 

v.

 

The STATE of
Texas,

Appellee

 

From the 198th Judicial
District Court, Mason County, Texas

Trial Court No. 84552

Honorable Emil Karl
Prohl, Judge Presiding

 

Opinion by:     Rebecca Simmons, Justice

 

Sitting:            Sandee Bryan
Marion, Justice

                        Rebecca
Simmons, Justice

                        Marialyn
Barnard, Justice

 

Delivered and
Filed:  November 4, 2009

 

AFFIRMED

 

Appellant
Jacob Velez entered a plea of guilty to the offense of aggravated assault with
a deadly weapon and, after a punishment hearing, was sentenced to twelve years
confinement in the Institutional Division of the Texas Department of Criminal
Justice.  Velez contends his trial counsel was ineffective by (1) incorrectly
informing Velez that he was eligible for probation and (2) his deficient
performance.  We affirm the judgment of the trial court. 

Background

Appellant Jacob Velez was originally charged with
intoxication manslaughter in the death of Alisha Ruffer.  The day before Velez
entered his plea, the State reindicted Velez on one count of aggravated assault
with a deadly weapon.  Velez was represented by court-appointed trial counsel,
and at the close of the punishment phase, his counsel requested the trial court
probate Velez’s sentence.  The trial court sentenced Velez to twelve years
confinement, but subsequently entered a nunc pro tunc deleting the affirmative
finding of a deadly weapon, and confirming that the charged offense was a
second degree felony.  

On
appeal, Velez contends that he only entered a plea of guilty based on trial
counsel’s admonition that it was his only chance for probation, that he did not
understand the charges against him, and contrary to trial counsel’s
explanations, the trial court could not assess a probated sentence in light of
the aggravated assault with a deadly weapon charge, an offense included within
article 42.12 section 3g of the Texas Code of Criminal Procedure.  See Tex. Code Crim. Proc. Ann. art. 42.12,
§ 3g(a)(2) (Vernon Supp. 2008) (providing that the trial court’s ability
to order community supervision does not apply to a defendant when it is shown
that a deadly weapon was used or exhibited during the commission of a felony
offense).

Standard of Review

A defendant is entitled to effective assistance of
counsel under both the United States and Texas Constitutions.  U.S. Const. amend. VI; Tex. Const. art. I, § 10; Tex. Code Crim. Proc. Ann. art. 1.051
(Vernon Supp. 2008).  To prove ineffective assistance of trial counsel on
appeal, an appellant must show that counsel’s assistance fell below an
objective professional standard of reasonableness and counsel’s actions thereby
prejudiced appellant’s defense.  Strickland v. Washington, 466 U.S. 668,
687-88, 692, (1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim.
App. 1999).  We note “[a] defendant’s election to plead guilty or nolo
contendere when based upon erroneous advice of counsel is not done voluntarily
and knowingly.”  Ex parte Battle, 817 S.W.2d 81, 83 (Tex. Crim. App. 1991). 
To establish prejudice, Velez must prove, by a preponderance of the evidence,
that but for counsel’s unprofessional error, the outcome of his trial would
have been different.  Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim.
App. 1998).

In
reviewing an ineffective assistance of counsel claim, we consider the totality
of counsel’s representation in light of the particular circumstances of the
case and presume that counsel acted competently and made decisions based on a
reasonable trial strategy.  See Ex parte Welborn, 785 S.W.2d 391, 393
(Tex. Crim. App. 1990).  To rebut this presumption, the basis for any
allegation of ineffectiveness must be affirmatively founded in the record.  Thompson,
9 S.W.3d at 813.  

Even
if appellant is able to prove trial counsel’s performance was deficient,
appellant must also affirmatively prove that he was prejudiced by counsel’s
actions.  Thompson, 9 S.W.3d at 812.  Appellant must demonstrate a
reasonable probability that the result of the proceeding would have been
different if trial counsel had acted professionally.  Id.  A reasonable
probability is a probability sufficient to undermine confidence in the trial’s
outcome.  Id.

Analysis

On
December 6, 2008, a hearing was held on Velez’s motion for new trial.  At the
hearing, an affidavit prepared by trial counsel was admitted without
objection.  Counsel’s affidavit explained that the State’s plea offer on the
intoxication manslaughter charge was fifteen years confinement.  After
discussing the options with Velez, trial counsel’s affidavit opined that he and
Velez agreed “a plea of ‘Not Guilty’ would be futile.”  Additionally, per the
affidavit, Velez rejected the option of accepting the State’s offer of fifteen
years confinement, as well as, the option to enter a plea of guilty and have
the jury assess punishment.  Thus, trial counsel explained, an open plea to the
trial court appeared to be the best option.  

With
regard to the allegations that Velez was not eligible for probation, trial
counsel’s affidavit provided:

Although Aggravated
Assault with a Deadly Weapon is a 3g offense for which a Judge cannot give
probation with an affirmative finding of a deadly weapon, a Judge can probate a
sentence without an affirmative finding.  The District Attorney and I agreed
that I would make a case for probation, and that, if the judge decided to give
probation and not make an affirmative finding, the DA would not object or
insist on or argue for an affirmative finding.

 

In apparent
support of trial counsel’s position, the trial court noted, on the record: 

I obviously didn’t
have a discussion with anybody regarding whether or not we’d waive the deadly
weapon finding.  We do that regularly, so it would not have been out of the
course of conduct within the 198th Judicial District and the District
Attorney’s office to come in when we’re in the middle of a plea like this and
say, We’ve got the finding, but we’re going to waive the finding and as the
final judgment, it goes up without that.  So that would not have been something
that would be extraordinary.

 

See Johnson
v. State, 233 S.W.3d 420 (Tex. App.—Fort Worth 2007, pet. ref’d)
(reiterating that in an aggravated assault with a deadly weapon it is
discretionary for the trial court to make an affirmative deadly weapon finding
even when such finding would be supported by the evidence); cf. Ex parte
Battle, 817 S.W.2d 81, 83 (Tex. Crim. App. 1991) (“The court had no
authority to grant probation [for an offenses under art 42.12, § 3g(a)(1)].”).

Velez
testified at the motion for new trial hearing that he understood he was
entering a plea of guilty to the charge of intoxication manslaughter and that
he believed that if he entered an open plea to the trial court, that he would
be eligible for probation.  He further testified that he would not have entered
a plea of guilty had he known that he was not eligible for probation.  

At
the plea hearing, however, Velez stated in open court, and in documents
submitted to the trial court, that he understood (1) the charges in the “new
indictment for aggravated assault with a deadly weapon” to which he was
entering his plea, (2) the rights that he was waiving by entering the plea, (3)
that the stipulated evidence was “the same as a confession,” and (4) that he
was entering his plea freely and voluntarily and because he was guilty and for
no other reason.  In Mallett v. State, 65 S.W.3d 59, 64 (Tex. Crim. App.
2001), the Court of Criminal Appeals held that when the trial court properly
admonishes the defendant, and the defendant states that he is entering his plea
voluntarily, the evidence “establishes a prima facie case that the plea was
knowing and voluntary.”

Additionally,
we note that the trial court admonished Velez that he was entering a plea to a
first degree felony with a range of punishment of not less than five years
confinement nor more than ninety-nine years or life imprisonment.  Furthermore,
in addition to the oral admonition, the record supports that the prosecuting
attorney, Velez’s trial counsel, and the trial court all signed the written
waiver admonishing the offense as a first degree felony.  As Velez points out,
however, aggravated assault with a deadly weapon is a second degree offense.  Tex. Penal Code Ann. §§ 12.33;
22.02 (b) (Vernon 2003) (aggravated assault is a second degree felony and the
punishment range for second degree felony is two to twenty years confinement). 


This
case is analogous to Ramos v. State, 928 S.W.2d 157, 160 (Tex.
App.—Houston [14th Dist.] 1996, no pet.), wherein the trial court admonished
the defendant as to the penalty range for a first degree felony, although the
offense was a second degree felony.  In Ramos, the appellate court
explained that “[a]lthough the trial court clearly misinformed appellant of the
punishment range for a second degree felony, the court sentenced appellant to
ten years confinement, which is well within the punishment range for a second
degree felony.”  Id.  This case is no different.  Velez was sentenced to
twelve years confinement, clearly within the punishment range for a second
degree felony.  

While
Velez properly filed a motion for new trial and raised his ineffective
assistance of counsel claim in that motion, the record fails to rebut the
strong presumption that counsel rendered effective assistance.  See Thompson,
9 S.W.3d at 813.  When reviewing a claim of ineffective assistance of counsel,
we are highly deferential to counsel’s performance.  Ex parte Welborn,
785 S.W.2d at 393.  The record in this case provides us with reasonable
explanations concerning counsel’s trial strategy in response to Velez’s claims
of ineffective assistance.  For example, his decision to seek probation from
the trial court, even in light of the charge of aggravated assault with a
deadly weapon, was based on trial strategy.  See Saenz v. State, 103
S.W.3d 541, 545 (Tex. App.—San Antonio 2003, pet. ref’d).  Velez does not
contend that he failed to understand the admonitions he was given by the trial
court or that trial counsel guaranteed him that he would receive probation if
he entered an open plea before the trial court.  See Bone v. State, 77
S.W.3d 828, 833 (Tex. Crim. App. 2002); Messer v. State, 757 S.W.2d 820,
826 (Tex. App.—Houston [1st Dist.] 1988, pet. ref’d).  Defense counsel properly
advised Velez that, in light of the trial court’s practices in his court, it
was possible for the judge to pronounce a sentence of probation.  The record,
therefore, does not substantiate that trial counsel’s actions fell below the
objective standard of reasonableness required under Strickland.  Strickland,
466 U.S. at 692; Bone, 77 S.W.3d at 833; Thompson, 9 S.W.3d at
813.  

Even
assuming trial counsel’s actions fell below the objective standard of
reasonableness, we could not conclude that trial counsel’s actions resulted in
prejudice to Velez.  Strickland, 466 U.S. at 692; Thompson, 9
S.W.3d at 813.  Other than his conclusory claim, Velez does not provide us with
any evidence that a different result would have occurred if trial counsel had
advised him differently.  Thompson, 9 S.W.3d at 812.  The trial court
did not make an affirmative finding of a deadly weapon; thus, Velez was
eligible for probation as his trial counsel advised, and no harm is shown.

Conclusion

Because
trial counsel’s actions did not fall below the objective standard of
reasonableness and Velez failed to prove that but for counsel’s error, the
outcome would have been different, we affirm the judgment of the trial court.

 

Rebecca Simmons, Justice

 

 

DO NOT PUBLISH