Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-09-00053-CR

Jacob **VELEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Mason County, Texas
Trial Court No. 84552
Honorable Emil Karl Prohl, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Sandee Bryan Marion, Justice
Rebecca Simmons, Justice
Marialyn Barnard, Justice

Delivered and Filed:  November 4, 2009

AFFIRMED

Appellant Jacob Velez entered a plea of guilty to the offense of aggravated assault with a deadly weapon and, after a punishment hearing, was sentenced to twelve years confinement in the Institutional Division of the Texas Department of Criminal Justice.  Velez contends his trial counsel was ineffective by (1) incorrectly informing Velez that he was eligible for probation and (2) his deficient performance.  We affirm the judgment of the trial court.

**BACKGROUND**

Appellant Jacob Velez was originally charged with intoxication manslaughter in the death of Alisha Ruffer.  The day before Velez entered his plea, the State reindicted Velez on one count of aggravated assault with a deadly weapon.  Velez was represented by court-appointed trial counsel, and at the close of the punishment phase, his counsel requested the trial court probate Velez's sentence.  The trial court sentenced Velez to twelve years confinement, but subsequently entered a nunc pro tunc deleting the affirmative finding of a deadly weapon, and confirming that the charged offense was a second degree felony.

On appeal, Velez contends that he only entered a plea of guilty based on trial counsel's admonition that it was his only chance for probation, that he did not understand the charges against him, and contrary to trial counsel's explanations, the trial court could not assess a probated sentence in light of the aggravated assault with a deadly weapon charge, an offense included within article 42.12 section 3g of the Texas Code of Criminal Procedure.  *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(2) (Vernon Supp. 2008) (providing that the trial court's ability to order community supervision does not apply to a defendant when it is shown that a deadly weapon was used or exhibited during the commission of a felony offense).

**STANDARD OF REVIEW**

A defendant is entitled to effective assistance of counsel under both the United States and Texas Constitutions.  U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. art. 1.051 (Vernon Supp. 2008).  To prove ineffective assistance of trial counsel on appeal, an appellant must show that counsel's assistance fell below an objective professional standard of reasonableness and counsel's actions thereby prejudiced appellant's defense.  *Strickland v. Washington*, 466 U.S. 668, 687-88, 692, (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex.

Crim. App. 1999). We note "[a] defendant's election to plead guilty or nolo contendere when based upon erroneous advice of counsel is not done voluntarily and knowingly." *Ex parte Battle*, 817 S.W.2d 81, 83 (Tex. Crim. App. 1991). To establish prejudice, Velez must prove, by a preponderance of the evidence, that but for counsel's unprofessional error, the outcome of his trial would have been different. *Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998).

In reviewing an ineffective assistance of counsel claim, we consider the totality of counsel's representation in light of the particular circumstances of the case and presume that counsel acted competently and made decisions based on a reasonable trial strategy. *See Ex parte Welborn*, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990). To rebut this presumption, the basis for any allegation of ineffectiveness must be affirmatively founded in the record. *Thompson*, 9 S.W.3d at 813.

Even if appellant is able to prove trial counsel's performance was deficient, appellant must also affirmatively prove that he was prejudiced by counsel's actions. *Thompson*, 9 S.W.3d at 812. Appellant must demonstrate a reasonable probability that the result of the proceeding would have been different if trial counsel had acted professionally. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the trial's outcome. *Id.*

## ANALYSIS

On December 6, 2008, a hearing was held on Velez's motion for new trial. At the hearing, an affidavit prepared by trial counsel was admitted without objection. Counsel's affidavit explained that the State's plea offer on the intoxication manslaughter charge was fifteen years confinement. After discussing the options with Velez, trial counsel's affidavit opined that he and Velez agreed "a plea of 'Not Guilty' would be futile." Additionally, per the affidavit, Velez rejected the option of accepting the State's offer of fifteen years confinement, as well as,

the option to enter a plea of guilty and have the jury assess punishment. Thus, trial counsel explained, an open plea to the trial court appeared to be the best option.

With regard to the allegations that Velez was not eligible for probation, trial counsel's affidavit provided:

> Although Aggravated Assault with a Deadly Weapon is a 3g offense for which a Judge cannot give probation with an affirmative finding of a deadly weapon, a Judge can probate a sentence without an affirmative finding. The District Attorney and I agreed that I would make a case for probation, and that, if the judge decided to give probation and not make an affirmative finding, the DA would not object or insist on or argue for an affirmative finding.

In apparent support of trial counsel's position, the trial court noted, on the record:

> I obviously didn't have a discussion with anybody regarding whether or not we'd waive the deadly weapon finding. We do that regularly, so it would not have been out of the course of conduct within the 198th Judicial District and the District Attorney's office to come in when we're in the middle of a plea like this and say, We've got the finding, but we're going to waive the finding and as the final judgment, it goes up without that. So that would not have been something that would be extraordinary.

*See Johnson v. State*, 233 S.W.3d 420 (Tex. App.—Fort Worth 2007, pet. ref'd) (reiterating that in an aggravated assault with a deadly weapon it is discretionary for the trial court to make an affirmative deadly weapon finding even when such finding would be supported by the evidence); *cf. Ex parte Battle*, 817 S.W.2d 81, 83 (Tex. Crim. App. 1991) ("The court had no authority to grant probation [for an offenses under art 42.12, § 3g(a)(1)].").

Velez testified at the motion for new trial hearing that he understood he was entering a plea of guilty to the charge of intoxication manslaughter and that he believed that if he entered an open plea to the trial court, that he would be eligible for probation. He further testified that he would not have entered a plea of guilty had he known that he was not eligible for probation.

At the plea hearing, however, Velez stated in open court, and in documents submitted to the trial court, that he understood (1) the charges in the "new indictment for aggravated assault

with a deadly weapon" to which he was entering his plea, (2) the rights that he was waiving by entering the plea, (3) that the stipulated evidence was "the same as a confession," and (4) that he was entering his plea freely and voluntarily and because he was guilty and for no other reason. In *Mallett v. State*, 65 S.W.3d 59, 64 (Tex. Crim. App. 2001), the Court of Criminal Appeals held that when the trial court properly admonishes the defendant, and the defendant states that he is entering his plea voluntarily, the evidence "establishes a prima facie case that the plea was knowing and voluntary."

Additionally, we note that the trial court admonished Velez that he was entering a plea to a first degree felony with a range of punishment of not less than five years confinement nor more than ninety-nine years or life imprisonment. Furthermore, in addition to the oral admonition, the record supports that the prosecuting attorney, Velez's trial counsel, and the trial court all signed the written waiver admonishing the offense as a first degree felony. As Velez points out, however, aggravated assault with a deadly weapon is a second degree offense. TEX. PENAL CODE ANN. §§ 12.33; 22.02 (b) (Vernon 2003) (aggravated assault is a second degree felony and the punishment range for second degree felony is two to twenty years confinement).

This case is analogous to *Ramos v. State*, 928 S.W.2d 157, 160 (Tex. App.—Houston [14th Dist.] 1996, no pet.), wherein the trial court admonished the defendant as to the penalty range for a first degree felony, although the offense was a second degree felony. In *Ramos*, the appellate court explained that "[a]lthough the trial court clearly misinformed appellant of the punishment range for a second degree felony, the court sentenced appellant to ten years confinement, which is well within the punishment range for a second degree felony." *Id.* This case is no different. Velez was sentenced to twelve years confinement, clearly within the punishment range for a second degree felony.

While Velez properly filed a motion for new trial and raised his ineffective assistance of counsel claim in that motion, the record fails to rebut the strong presumption that counsel rendered effective assistance. *See Thompson*, 9 S.W.3d at 813. When reviewing a claim of ineffective assistance of counsel, we are highly deferential to counsel's performance. *Ex parte Welborn*, 785 S.W.2d at 393. The record in this case provides us with reasonable explanations concerning counsel's trial strategy in response to Velez's claims of ineffective assistance. For example, his decision to seek probation from the trial court, even in light of the charge of aggravated assault with a deadly weapon, was based on trial strategy. *See Saenz v. State*, 103 S.W.3d 541, 545 (Tex. App.—San Antonio 2003, pet. ref'd). Velez does not contend that he failed to understand the admonitions he was given by the trial court or that trial counsel guaranteed him that he would receive probation if he entered an open plea before the trial court. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); *Messer v. State*, 757 S.W.2d 820, 826 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd). Defense counsel properly advised Velez that, in light of the trial court's practices in his court, it was possible for the judge to pronounce a sentence of probation. The record, therefore, does not substantiate that trial counsel's actions fell below the objective standard of reasonableness required under *Strickland*. *Strickland*, 466 U.S. at 692; *Bone*, 77 S.W.3d at 833; *Thompson*, 9 S.W.3d at 813.

Even assuming trial counsel's actions fell below the objective standard of reasonableness, we could not conclude that trial counsel's actions resulted in prejudice to Velez. *Strickland*, 466 U.S. at 692; *Thompson*, 9 S.W.3d at 813. Other than his conclusory claim, Velez does not provide us with any evidence that a different result would have occurred if trial counsel had advised him differently. *Thompson*, 9 S.W.3d at 812. The trial court did not make an

affirmative finding of a deadly weapon; thus, Velez was eligible for probation as his trial counsel advised, and no harm is shown.

**CONCLUSION**

Because trial counsel's actions did not fall below the objective standard of reasonableness and Velez failed to prove that but for counsel's error, the outcome would have been different, we affirm the judgment of the trial court.

Rebecca Simmons, Justice

DO NOT PUBLISH